FREEMAN and others *vs.* THE FULTON FIRE INSURANCE
COMPANY.

It is well settled that at the common law, as well as under the statute of bet-
ting and gaming, a policy of fire insurance is void, unless the party insured
has at the time an insurable interest in the property insured.

Hence a complaint, in an action on the policy, must contain an averment of
such an interest in the plaintiff, or in the person for whose benefit the contract
was made, in order to state a cause of action.

Where the person with whom a contract of insurance was made, and who
brings an action upon it, has no interest in the property which would au-
thorize or enable him to make such a contract himself, he is bound to state
affirmatively, in his complaint, that he acted as the agent of another, whose
interest was sufficient to sustain such a contract.

THIS was an appeal from an order made at a special term,
overruling the demurrer of the defendants to the com-
plaint.   The action was upon a policy of insurance issued by
the defendant April 26, 1861, upon the steamer " Cataline,"
&c., insuring against fire from April 26 to July 26, 1861.
The complaint states " that at the time of the issuing of the
policy, Charles A. Stetson, jun. was the owner of the ' Cata-
line.'   That in consideration of the payment by the plain-
tiffs, who thereto were employed by and therein acted as
agents of the said Stetson, to the defendants, of the premium
of six dollars and eighty-eight cents, the defendants made
and issued their policy     *     *     *     and delivered it
to the plaintiffs, for the account of whom it might concern,
by which the defendants insured the plaintiffs, or whom it
might concern, against loss or damage by fire to the amount
of $2500, on the steamer ' Cataline,' her hull &c., while
running &c., from 26th day of April, 1861, until the 26th
day of July, 1861, with privilege of effecting other insurance
to the amount of $17,500, without notice until required ;
and in and by said policy agreed to pay the loss, if any, to
the plaintiffs, under their firm name of ' M. M. Freeman &
Co.;' and that said Charles A. Stetson, jun. was, at the time
of the issue of said policy, and up to the time of the fire con-
tinued to be, the person or party for whom said insurance

was effected, and whom it concerned." The complaint further stated that at the time of the insurance, and from thence until the fire, Stetson had an interest in said insured property to an amount exceeding the whole amount of insurances, ($20,000,) and was the owner of the property, the cash value whereof was $24,000. " That on the 2d day of July, 1861, the said vessel &c. was burned," &c. That Stetson and the plaintiffs had fulfilled all the conditions and requisitions of the policy on their part to be performed; that the plaintiffs had demanded payment of the defendant of said $2500, which the defendant refused to pay, &c.; wherefore the plaintiffs demanded judgment for $2500 and interest. The defendant demurred to this complaint, on the ground that it did not contain facts sufficient to constitute a cause of action. The court, at special term, overruled the demurrer, and ordered judgment for the plaintiffs.

*John Owen,* for the appellant. I. All actions are now to be brought in the name of the real party in interest, (*Code,* § 111,) with an exception in favor of trustees of an express trust, &c. (§ 113.) The plaintiffs do not claim as trustees for Stetson, but in their own right. The rules of equity in relation to parties are adopted by the code, (*Corning* v. *Greene,* 23 *Barb.* 44; *Brownson* v. *Gifford,* 8 *How. Pr. R.* 395; *Hollenbeck* v. *Van Valkenburgh,* 5 *id.* 284; *Secor* v. *Keller,* 4 *Duer,* 419;) and in equity a mere nominal party was not allowed to sue. (*Rogers* v. *Traders' Ins. Co.,* 6 *Paige,* 598. *Field* v. *Maghee,* 5 *id.* 539.)

II. It is absolutely essential, in order to recover upon a policy, that the person insured should have an interest in the property at the time of loss. The contract is one of indemnity, and if the insured is not damnified he cannot recover. (*Murdock* v. *Chenango Ins. Co.,* 2 *N. Y. Rep.* 216. *Howard* v. *Albany Ins. Co.,* 3 *Denio,* 301. *Shotwell* v. *Jefferson Ins. Co.,* 5 *Bosw.* 261. *Grosvenor* v. *Atlantic Ins. Co.,*

17 *N. Y. Rep.* 392.    *Kernochan* v. *Bowery Fire Ins. Company, Id.* 442.)

III. It was necessary, even at common law and entirely irrespective of any statute, that the person insured should have an interest in the property in all cases of fire insurance. (*Lynch* v. *Dalzell*, 3 *Bro. P. C.* 497.    *Sadlers Co.* v. *Badcock*, 2 *Atk.* 554.    See *Ruse* v. *Mut. Benefit Ins. Co.*, 23 *N. Y. Rep.* 523.)    A distinction was taken between fire and marine policies, which accounts for some cases which are loosely cited as holding an averment of interest unnecessary. *All these cases*, without a solitary exception, will, on examination, be found to arise upon marine or life policies. And they have all been overruled by the court of appeals, which has just decided that wager policies of every description are void at common law, on grounds of public policy. (*Ruse* v. *Mut. Benefit Ins. Co.*, 23 *N. Y. Rep.* 516.)    The case here referred to was an action upon a life insurance policy, which was governed by the laws of New Jersey. There being no evidence of any law of that state upon the subject of wagers, the court assumed that the common law prevailed. The plaintiff not proving that he had any interest in the life of the deceased, the court held that he ought to have been nonsuited.

IV. The importance of the fact that an insurance without interest was void at common law, becomes manifest in this case.    (1.) It is an undoubted rule that the plaintiff must allege every thing in his complaint which, at common law or in equity, it is necessary for him to prove at the trial.    (*Prindle* v. *Caruthers*, 15 *N. Y. Rep.* 427.    *Bank of U. S.* v. *Smith*, 11 *Wheat.* 174.    *Safford* v. *Drew*, 3 *Duer*, 632.    *Underhill* v. *Saratoga and Wash. R. R. Co.*, 20 *Barb.* 455.    *McKyring* v. *Bull*, 16 *N. Y. Rep.* 297.)    The cases which hold it unnecessary to allege that a contract was made in writing, &c., proceed upon the ground that acts valid at common law, but regulated by statute, may be pleaded in like manner as before the enactment of the statute.    (*Steph. on*

*Plead.* 373. *Hilliard* v. *Austin*, 17 *Barb.* 141. *Dewey* v. *Hoag*, 15 *id.* 368. *Stern* v. *Drinker*, 2 *E. D. Smith*, 406.) Such reasoning is wholly inapplicable to the averment of interest in the subject of fire insurance, it being a necessary element of the cause of action at common law. (2.) The court of appeals has explicitly declared, that in *all* actions upon insurance policies the plaintiff must " aver and prove the interest of the plaintiff. It is an indispensable part of the plaintiff's case, to be made out *affirmatively* at the trial." (23 *N. Y. Rep.* 527.) (3.) The plaintiff is therefore bound to allege in his complaint that he had an interest in the thing insured. (*Ruse* v. *Mut. Benefit Ins. Co., supra. Williams* v. *Ins. Co. of N. A.*, 9 *How. Pr. R.* 365. *Peabody* v. *Wash. Ins. Co.*, 20 *Barb.* 339. *Cousins* v. *Nantes*, 3 *Taunt.* 513.) It is scarcely necessary to dwell further upon this point, inasmuch as the frame of the complaint substantially admits the law to be as here stated, carefully stating Stetson's interest in several places. The point at issue is that which follows :

V. It being settled that for reasons of public policy a wager policy is void, irrespective of the statute, (see point III,) it becomes necessary to inquire whether the same reasons of policy do not forbid that any one should in any way have the benefit of an insurance without an interest in the property. The reason of the rule, as stated in several places, is that it is deemed unsafe to permit any one to have a direct pecuniary advantage to gain by the commission of arson. If this reason is sufficient to prevent A. from recovering on an insurance made for his benefit, without interest, why does it not apply with equal force to prevent him from recovering on a policy made by him for account of B., the real owner, with loss payable not to B., nor to A. for the benefit of B., but to A. in his own right and for his own benefit ? What is such a proceeding but an evasion of the law ? If it is tolerated, the result will be, that all wager policies will be made for account of whom it may concern, and at most, all that would

be required would be the consent of the owner, which might readily be obtained, as he would not be debarred from insuring the property again in his own name. It is necessary, in order to carry out the policy of the law, that no one should be allowed to gain any advantage by the destruction of property. If any one has an interest in its preservation, he may insure that interest; but he cannot assign his insurance without also assigning his interest to the same person, because, if he could, the assignee would have a direct interest in the destruction of the thing insured. The question, however, does not depend upon argument. The authorities are uniform and explicit that an assignment of the policy, in order to be of any benefit to the assignee, must be accompanied with a transfer of some kind of interest in the subject of insurance. (*Ellis on Ins.* 69. *Marshall on Ins.* 800. *Phillips on Ins.* § 77. 3 *Kent's Com.* 375.) And it has been so settled in our court of appeals. (*Hooper* v. *Hudson River Ins. Co.*, 17 *N. Y. Rep.* 426. *S. P., Peabody* v. *Wash. Ins. Co.*, 20 *Barb.* 339, 341.) Judge Pratt, delivering the unanimous opinion of the court, (Denio, J. dissenting upon another point only,) says, (17 *N. Y. Rep.* 426,) " The assignment of the policy, in order to be of any benefit to the assignee, must be accompanied with a transfer of some kind of interest in the subject of insurance to the assignee ;" citing authorities. And again he says, (*p.* 427,) that if the assignee " becomes the real party to the contract of insurance," so as to be able to sue in his own name, " it would be necessary that he should be vested with an interest in the property insured, as if he had taken out a new policy in his own name." In like manner Roosevelt, J., in *Kernochan* v. *The Bowery Ins. Co.*, (17 *N. Y. Rep.* 442,) declares it to be a " principle of public policy, that no man should be allowed to bargain for an advantage to arise from the destruction of life or property," and says that " the contract of insurance is one purely of indemnity."

VI. The assignee or appointee must, under the principle

stated in the preceding points, have, and *aver* in his com-
plaint, an interest in himself in the thing insured. There
are cases, decided under the old practice, which tend to show
that at *common law* the person named in the contract might
sue, without having any interest, for the benefit of the real
party in interest. These cases have, no doubt, misled the
plaintiffs. A different rule is established by the code, and an
action not only may, but *must*, be brought by and in the
name of the *real party in interest.* (§ 111.) And even be-
fore the code, it was held in the court of errors that " it must
appear" in an action upon a policy made " for whom it may
concern," that " the policy was made in behalf of *the persons
who claim to recover.*" (*Pacific Ins. Co.* v. *Catlett,* 4 *Wend.*
79.) All the cases of fire insurance policies, since the code,
in which an appointee in like manner with the plaintiffs has
been allowed to recover, have been cases in which the ap-
pointee was expressly described as *mortgagee,* thus showing
a power coupled with an interest. In this case, nothing ap-
pears beyond a bare authority to receive the money, if that.
Conceding, for a moment, that the plaintiffs have such an
authority, on what ground can it be maintained that they
thereby acquire a right to sue ? It will not be pretended
that a clerk authorized to collect debts could sue for them
in his own name. But we do not concede that any such au-
thority is shown by the complaint. On the contrary, it con-
tains no allegation of authority *except to pay the premium.*
There is no averment of authority to insure; much less of
any authority to do so for the benefit of the plaintiffs, who
acted as agents, mere brokers, (*Story on Agency,* § 28,) in-
stead of for that of their principal.

VII. It will be argued that the defendant, by issuing the
policy to the plaintiffs, admitted its interest in the subject of
insurance. The answer is twofold : (1.) The doctrine has
no foundation in reason, and it has been expressly overruled
by the court of appeals; the court saying, " It is said that
the defendants, by issuing the policy upon the representation

Freeman *v.* Fulton Fire Insurance Company.

of the plaintiff that he had an interest, have admitted his interest, and that the production of the policy is at least *prima facie* evidence of such interest. *This position cannot be sustained."* And the plaintiff was required to prove his interest affirmatively. (*Ruse* v. *Mutual Benefit Ins. Co.,* 23 *N. Y. Rep.* 516.) (2.) If there was any thing in the point, the plaintiffs have expressly negatived all presumption of interest in them by their complaint, in which they set up Stetson's exclusive interest.

VIII. The case of *Fowler* v. *New York Indemnity Ins. Co.,* (23 *Barb.* 143,) upon which the plaintiffs rely, does not aid them. (1.) All it really decides is, that the word "his," prefixed to the description of the thing insured, is a sufficient averment of ownership in the plaintiff. (2.) The remarks of Judge Strong, to the effect than an averment of interest is unnecessary, are not authority, nor can they be sustained on principle. His first remark is, " I am *inclined to think* that a policy of insurance is *prima facie* an admission by the insurers of the title of the assured." Not only does he not positively assert this doctrine, but he does not venture to.say that he *thinks* so. He cites no authority for his suggestion, *nor could he.* The doctrine is expressly repudiated by the court of appeals. (23 *N. Y. Rep.* 527.) He then goes on to say that " hence" it has been held that an averment of interest is unnecessary. For this proposition he cites three cases, one of them having been reversed on error, (3 *Taunt.* 513,) though he did not know it, *none* of them based upon the argument to which he refers by the word "hence," and *all* of them being cases of marine insurances, which we have shown were governed by a distinct class of rules, and in which wager policies were assumed to be valid at common law. Finally, the illustrations drawn by the learned judge from the statute of frauds were wholly inapplicable, because a wager fire policy was void at common law, (see point III,) and there never was any doubt that a complaint must allege all the facts which at common law were essential to a recovery.

IX. If the plaintiffs sue as agents for Stetson, the owner of the property insured, they ought to state the fact in their complaint. An agent sues as a trustee, (*Code,* § 113; *Considerant* v. *Brisbane,* 22 *N. Y. Rep.* 389,) and stands on the same footing with executors, administrators, receivers, &c. He sues in the right of another. And therefore, in order to conclude that other (his principal) on the record, he must allege his agency, and seek relief in his representative capacity; otherwise the suit must be taken to be his own. On this principle, executors &c. are required to allege that they sue *as such.* And unless they thus sue in their representative capacity, they are not allowed to recover any thing due to them in that capacity, and their complaints, thus inconsistent, are demurrable. (*Gould* v. *Glass,* 19 *Barb.* 185. *Sheldon* v. *Hoy,* 11 *How. Pr. R.* 14. *Ogdensburgh Bank* v. *Van Renselaer,* 6 *Hill,* 241. *Henshall* v. *Roberts,* 5 *East,* 151.) If agents are allowed to sue as trustees, the same rule must be applied to them.

X. The complaint nowhere shows that the plaintiffs were agents for Stetson, except for the single purpose of procuring the insurance and paying the premium. The loss was not payable to them as agents of Stetson, or " whom it might concern," but to them *eo nomine.* They are not described in the policy as agents; and therefore this case is clearly distinguishable from the case of *Considerant* v. *Brisbane,* (22 *N. Y. Rep.* 389,) where the contract was made by the agent, and the promise was made to him as such; and it is only upon these special facts, bringing the case within the very words of section 113 of the code, that the plaintiff there was held authorized to maintain the action. (*See opin. of Wright, J.* 392.) And it is submitted, in view of the weight of dissenting authority in that case, that the doctrine there established will not be extended beyond the very facts of that case.

XI. Freeman & Co., according to the facts they set out in their complaint, were merely brokers. They were, as they say, " employed by Stetson, and acted as his agents, to pay

the premium," and nothing more; which, by any freeness of construction, cannot be held to imply an agency to do more than *procure the insurance*, which, by Story's definition, constituted them simply brokers. *Story, on Agency* (§ 28) says: "The true definition of a broker seems to be, an agent employed to make bargains and contracts between other persons, in matters of trade, commerce or navigation, for a compensation commonly called brokerage," and recites also with approval the language of Lord Ch. J. Tindal, as follows: "A broker is one who makes a bargain for another," &c.; and Story goes on to say, "Properly speaking, a broker is a mere negotiator between other parties, and he never acts in his own name, but in the names of those who employ him." If then Freeman & Co. were merely brokers to procure this insurance, they had no power to effect an insurance in their own name, much less to make the loss payable to themselves.

XII. It is not alleged that the loss was payable to them *as agents of Stetson*, or that they act as his agents in demanding the money or in bringing this action. They nowhere designate themselves as agents, but allege that by reason of the premises the defendant is indebted to them in the sum, &c., and demand judgment. It may be true that Stetson employed them to effect this insurance for whom it might concern, and that it did concern Stetson. If so, Stetson has the right of action against the defendant. And inasmuch as it nowhere appears that Freeman & Co. have the authority from Stetson to demand the money or bring this action, if Freeman can recover, *non constat*, Stetson can also bring his action and recover; because this action, if not by authority of Stetson and for his benefit, (which nowhere appears,) is no bar to an action by Stetson himself. It is in this view that this case differs from *Considerant* v. *Brisbane.* There the contract was *expressly with the agent as such*, and the contract which would be the basis of the action by Considerant's principals would be evidence of the agency, and estop them from denying his authority to bring the action;

Freeman *v.* Fulton Fire Insurance Company.

while, in this case, all that appears in the policy or in the complaint is not inconsistent with the idea that Freeman & Co. were only the brokers to effect the insurance for whom it might concern, and when the loss occurred, then the person for whom it did concern (which the complaint alleges was Stetson) could bring the action.

XIII. To sustain this action by Freeman & Co., it is clealy (as I submit) necessary that they should allege that they are the agents of Stetson and authorized (either as ships' husbands, consignees, factors or otherwise) to effect and recover this insurance in their own name, and that they *as such agents* are the parties whom it did concern, and that this action is for account of Stetson. (*See Myers* v. *Machado,* 6 *Abb.* 198.)

XIV. The meaning of the clause, "do insure Freeman & Co. or whom it may concern," is that they insure "Freeman & Co." if it should concern them, and if not, then whom it should concern; and the loss being made payable to Freeman & Co., could have no valid effect, unless Freeman & Co. had an interest either as agents or otherwise, which is not alleged. *Minturn* v. *Main,* (3 *Seld.* 224,) and 1 *Chitty's Pl. pl.* 7, are direct authorities, that "where a party acts as a mere agent or servant, a special, beneficial interest must be proven, to maintain an action."

*Henry Nicoll,* for the respondents. I. By the terms of the policy of insurance, the defendant expressly undertakes, in case of loss, to pay the same to the plaintiffs. At the common law this would be held to be a contract with the plaintiffs, upon which they would be entitled to bring an action in their own name, although the beneficial interest in the subject matter of the contract might be in another. (*Harp* v. *Osgood,* 2 *Hill,* 216. *Sargent* v. *Morris,* 3 *Barn. & Ald.* 277. *Ennis* v. *Harmony Ins. Co.,* 3 *Bosw.* 516. *Grosvenor* v. *Atlantic Fire Ins. Co.,* 17 *N. Y. Rep.* 391. *Considerant* v. *Brisbane,* 22 *id.* 389. *Bridge* v. *Niagara Ins. Co.,* 1 *Hall,* 246.)

II. It is wholly immaterial to the plaintiffs' right of recovery whether they have an interest or not in the property insured under the policy; it is sufficient if the parties for whose benefit, as owners of the vessel, the policy was taken out, had such interest at the time of loss. This would be held to be so in the case of an assignment of a policy by the party insured to a third person; *a fortiori*, must this be so where in the contract itself the defendant expressly undertakes, in case of loss, to pay the same to another. Policies of insurance taken out in the names of brokers, factors or trustees, have always been held valid, and as capable of being enforced by them if the parties beneficially interested in the policy have sustained a loss. (*See the cases cited to the last point; Angell on Fire Ins.* 114, § 73; *Burke* v. *Chesapeake Ins. Co.*, 1 *Peters*, 163; *DeForest* v. *Fulton Fire Ins. Co.*, 1 *Hall*, 84; *Fowler* v. *N. Y. Indemnity Ins. Co.*, 23 *Barb.* 143.)

III. In stating a cause of action upon a policy of insurance, no averment of an interest in the assured is necessary. But for the statute against wagers, a policy of insurance, without interest, would be a valid contract, By that statute, only such policies of insurance as are not made for the indemnity or security of a party are declared void. It will not be presumed or intended that a contract valid at common law is within the provisions of a prohibitory statute, it being open to the defendant to insist upon and show that it is so by allegation and proof. (*Fowler* v. *N. Y. Indemnity Ins. Co., supra. Dykers* v. *Townsend, Court of Appeals, Dec.* 1861.)

IV. Independently of the question of interest, the plaintiffs, within the terms of sections 111 and 113 of the code, are clearly trustees of an express trust, being persons with whom and in whose name the contract was made for the benefit of those who are interested in the loss as owners of the vessel, and as such, are entitled to bring the action. (*Con-*

*siderant* v. *Brisbane*, 22 *N. Y. Rep.* 389.    *Grinnell* v. *Schmidt*, 2 *Sandf. S. C. R.* 706.)

*By the Court,* EMOTT, J.  If the case of *Fowler* v. *The New York Indemnity Insurance Company* (23 *Barb.* 143) decided that an averment of interest in the assured is unnecessary in a fire policy, it cannot be sustained.  The cases to which Judge Strong refers to sustain his remarks to that effect will be found, all of them, to be cases of marine insurance.  In such cases an averment of interest was unnecessary, for such policies might be valid as wager policies where the plaintiff had in fact no interest in the subject assured. Of course, neither an averment nor proof of interest could be required to sustain a recovery on such a policy.  (*See Buchanan* v. *Ocean Ins. Co.*, 6 *Cowen*, 318.)  If a complaint on a policy of fire insurance without an averment of an interest in the plaintiff in the subject of the insurance could be sustained, it must be either because no interest in the property assured is requisite to uphold a policy of insurance against fire, which certainly is not the case under the present statute against wager policies, or because a policy of that description would be valid at common law, and would only be defeated by the statute.  This latter view was urged with ability by the plaintiffs' counsel on the present argument. If it were true that wager policies of fire insurance or policies of insurance against fire, where the insured had no interest in the property insured, would be valid were it not for the statute, there would be force in his argument that no interest need be averred for the plaintiff in declaring on them, but the want of such an interest must be pleaded against them.  Where a contract is valid at common law, but is forbidden by a positive statute only, it may not be necessary for a plaintiff in declaring upon it to negative the statute, or to aver that the case is not within its prohibition.  It is unnecessary, however, to consider how far this is the rule of pleading, or how far the present case would be controlled by

such a rule, since the premise upon which the whole argument rests, to wit, that a contract of insurance against fire would be valid at common law, although the assured had no interest in the premises, cannot be sustained. In *Ruse* v. *The Mutual Benefit Life Insurance Company*, (23 *N. Y. Rep.* 516,) it was held by the court of appeals that a policy of insurance upon the life of another, obtained by one who has no interest in the life, is void at common law. The same rule must apply to fire policies, and indeed in the case I have just referred to, Judge Selden shows that such is the rule recognized by authority, and that the contrary statements in some cases which have misled even judges as well as text writers and makers of digests, (*see for instance Abbott's N. Y. Dig. vol.* 3, *p.* 414,) are all made in reference to marine policies. The cases do recognize an exception in the case of policies of marine insurance, although the reason for the exception is not apparent, and its extent is confined to this class of insurances. It must be considered well settled at present that at the common law, as well as under the statute of betting and gaming, (1 *R. S.* 662, § 8,) a policy of fire insurance is void, unless the party insured has at the time an insurable interest in the property insured. It follows that a complaint in an action on the policy must contain an averment of such an interest, in order to state a cause of action.

The present complaint states no such interest in the plaintiffs; but it is contended that the action may be supported by them upon the averment which it contains, of the interest of Charles Stetson, under the provisions of sections 111 and 113 of the code. In the case of *Considerant* v. *Brisbane*, (22 *N. Y. Rep.* 389,) the court of appeals held that where a contract was made containing a promise to pay A. B. "as executive agent" of C. D., A. B. might maintain an action upon the promise, although the consideration moved wholly from C. D., and A. B. had no interest in the contract. A person who is described or who describes himself as the agent

of another in making a contract for the benefit of such other person, and in which the latter alone is interested, according to the reasoning in the case of *Considerant* v. *Brisbane*, falls within that class of persons who by the 113th section of the code shall be construed to be trustees of express trusts. He is a person with whom or in whose name a contract is made for the benefit of another. We are now to see whether this rule will include such a case as is stated by this complaint.

We have seen that the plaintiffs cannot maintain an action upon this policy of insurance, if made for their own benefit, for the want of interest in the subject matter insured. It follows, as a corollary from this conclusion applied to the facts which appear in the complaint, that the only person by whom or for whose benefit a valid policy of insurance upon this steamboat could have been effected was Charles A. Stetson. The question therefore is, does this complaint show a valid contract made with the plaintiffs, or in their name, for the benefit of Charles A. Stetson. The policy of insurance is alleged to have been delivered to the plaintiffs "for the account of whom it may concern," and the defendant is stated by its contract to have insured the plaintiffs, "or whom it might concern." It is also averred that Charles A. Stetson was at the time of the issue of said policy, and up to the time of the fire, continued to be the person or party for whom said insurance was effected and whom it concerned. It will be observed that the policy was not made to the plaintiffs for or on behalf of, or as agents or trustees for, whom it might concern. Taking the other allegations that Charles A. Stetson was the person or party whom it concerned, it might follow that this was a contract with or an insurance of Charles A. Stetson. Then the question would arise whether Stetson himself could sue upon such a contract. But in so far as this policy or contract was with the plaintiffs, it is not stated and does not appear that they were or acted as the agents of Charles A. Stetson. The loss, if any, was made payable by the policy to the plaintiffs; not as

agents or trustees of Stetson or whom it should concern, but in their individual character.   The premium was paid by the plaintiffs, who are alleged thereto—that is, in respect to such payment—to have been employed by and therein to have acted as the agents of the said Stetson.   But there is no allegation that the plaintiffs made the contract as agents of Stetson, or that the insurance money was payable to them in that character.   The allegation of agency is confined to the single act of paying the premium.   Under the case of *Considerant* v. *Brisbane,* if the plaintiffs procured the insurance is the agents or for the benefit of Stetson, that fact should have been stated, and the further question would then have arisen, whether parol proof of such a trust or agency could be given when it was not disclosed or stated in the written contract.   But the present complaint is, in my opinion, defective for the want of any positive and issuable averment of such a trust or agency.   It does not appear whether the insurance was made or is to be enforced for the benefit of the plaintiffs individually or by them as trustees for Stetson. Assuming that the latter state of facts may be true, that it is not inconsistent with the facts stated, yet it does not positively appear to be the truth.   Where the person with whom the contract was made, and who brings an action upon it, has no interest in the property which would authorize or enable him to make such a contract himself, he is bound to state affirmatively that he acted as the agent of another whose interest was sufficient to sustain such a contract.   The allegations of this complaint leave it, to say the least, in uncertainty whether this contract was made by the plaintiffs for themselves or for the benefit of another.   If it was made on their own account, they should have had and should have averred an insurable interest in themselves.   If for Stetson, that should have been positively stated.   They should have alleged that the policy was made to and with them for the benefit of Stetson, and as his agents or trustees.

I am of opinion that the present complaint is defective;

that it does not state a cause of action either in the plain-tiffs individually or as trustees of an express trust, and that the demurrer should have been allowed.

This judgment should therefore be reversed, and judgment entered for the defendant on the demurrer, with leave to the plaintiffs to amend on the ordinary terms.

All the judges concurred.

Judgment reversed.