## HOPKINS MANUFACTURING COMPANY v. AURORA FIRE & MARINE INSURANCE COMPANY.

*General exceptions—Insurance by mortgagee—Forfeitures.*

A general exception to an entire charge will be disregarded where it does not point out the specific rulings objected to, and the charge covers several distinct matters.

Where a mortgager binds himself to insure the property but does not do so, and the mortgagee, for his own protection, takes out a policy upon it in the mortgager's name, but payable to himself, he can sue on it in his own name if he paid the consideration and if it was delivered directly to himself, and covered nothing but the mortgaged property and did not exceed the amount of the mortgagee's interest.

Where an insurance policy is subject to forfeiture if the property be left vacant for more than thirty days, or if it be levied upon, *it seems* that there must be proof of a *continuous* vacancy of more than thirty days, and that the levies must be after the date of the policy and under valid proceedings.

Foreclosure of a mortgage upon insured property is not such a sale by the assured as will forfeit the policy, so long as the period of redemption has not expired.

In a suit upon an insurance policy made payable to the mortgagee of the premises *it seems* that it cannot be shown that the owner had violated

.a condition of forfeiture upon which they had been deeded to him, especially if no such defence has been pleaded.

Error to Manistee.   Submitted Apr. 7.   Decided Apr. 12.

Assumpsit.   Defendant brings error.   Affirmed.

*White & McMahon* for appellant.

*Bullis & Cutcheon* for appellee.

CAMPBELL, J.   Plaintiffs recovered judgment below on a policy of insurance issued in the name of William Stevens but payable to plaintiffs as their interest should appear. The chief defence was based on an objection to the right of plaintiffs to sue in their own name.   Some questions of evidence were raised, all but one of which relate to this point. Exceptions were also regularly taken to the refusal of the court to give certain charges.   The exception to the charge actually given instead of pointing out the rulings complained of was one general exception to the whole charge.   As the charge covered several distinct matters this exception must be disregarded.

The declaration set out the contract substantially as actually made with plaintiffs, showing however its form.   No notice of special matter was put in under the general issue, and this lack of special defence has a bearing upon some matters discussed.

The testimony received under objection showed that plaintiffs having a mortgage to the full amount of the insurance, and the bond given with the mortgage containing a covenant to insure, they found it necessary in the absence and default of Stevens, the mortgagor, to obtain insurance themselves.   They applied to the authorized agent of defendants to insure their interest and made an agreement to that effect, and paid the premium.   The policy was put in the form previously mentioned by this agent, who informed them that it was the proper and only way in which such insurance could be effected.

It is to be remarked that the insurance covered no property outside of the mortgage and did not exceed the amount

of plaintiffs' interest. The whole and not merely a part of the sum insured belongs to the plaintiffs, and the defendants by the terms of the policy promised to pay them. The consideration passed directly between these parties, and the policy was delivered to them for their benefit, and was not delivered to or for Stevens.

This being so, we do not think the rule applies which was enforced in *Hartford Fire Ins. Co. v. Davenport* 37 Mich. 609, where the plaintiff was not entitled to the whole policy, and was not interested in all of the property insured, and was not the party dealt with in his own right. Neither does the case come within *Pipp v. Reynolds* 20 Mich. 88, and cases subsequently recognizing it, because here the declaration and proof both show a distinct dealing with plaintiffs as the contracting parties, who paid the consideration. We think the suit was properly brought.

The defence also claimed a forfeiture of the policy by reason of the property having been left vacant. The condition was in these words, relating to this defence, and to another to be presently mentioned: "If the assured &ast; &ast; &ast; shall allow the building hereby insured to become vacant and unoccupied for any more than thirty days, without notice to and consent of this company; or shall sell or transfer the property herein insured, this policy shall be null and void. If the property herein insured shall be levied upon, or taken into possession or custody under any proceedings in law or equity, this policy shall thereupon cease."

We do not find any testimony of a continuous vacancy at any time of thirty days, and as such a ground of forfeiture must be distinctly made out we do not think there was anything on which the court below could be asked to charge differently from what was charged.

There was some proof of levies made before but not after the date of the policy, but there was nothing to show that these levies were made under any valid proceeding at law or in equity, and the policy could not be affected by any other.

The foreclosure of plaintiff's mortgage under the statute, so long as the redemption remained open, could not be

regarded as a sale or transfer by the owner of the fee, who took no step and was not by himself or tenants disturbed under or before the fire, and it may be doubted whether a foreclosure of an existing mortgage could have any such effect at all.

The court below refused to permit defendants to show that Stevens had violated a condition of the deed under which the property was purchased, which prohibited the making of certain water improvements on pain of forfeiture.  No such defence was pleaded, and we do not understand how such an issue could be tried in the case under any circumstances.

No error appears, and the judgment must be affirmed with costs.

The other Justices concurred.