## ÆTNA INS. CO. v. LONG.

### No. 3760.

Court of Civil Appeals of Texas. Amarillo.

March 9, 1932.

Rehearing Denied April 6, 1932.

Thompson, Knight, Baker & Harris and Pinkney Grissom, all of Dallas, for plaintiff in error.

Levens, McWhorter & Howard, of Lubbock, for defendant in error.

**RANDOLPH, J.**

This is a suit upon a policy of fire insurance on a frame building in the amount of $1,000, by J. A. Long, as plaintiff, against the Ætna Fire Insurance Company, as defendant. The parties will be styled as in the trial court.

The plaintiff, in his petition, alleges that he was the owner of the insured dwelling house situated on a farm in Lubbock county, Tex., and that defendant issued to him its policy of insurance for a stipulated premium in the amount of $1,000, loss payable clause being attached to said policy in favor of the Federal Land Bank of Houston, or assigns, which shows to have been canceled. Later, said policy, originally issued to plaintiff, was transferred to C. C. Bessant, as the assured, the said Bessant having previously become the owner of said farm and dwelling by purchase; that thereupon the defendant company attached to said policy and made a part of same a mortgage loss clause in favor of J. A. Long, as follows: "Loss or damage, if any, on building items under this policy, shall be payable to J. A. Long as mortgagee (or trustee) as such interest may appear."

The destruction of the insured premises by fire was duly alleged, and also the demand by Long for payment.

Judgment by default was rendered by the court, which judgment recited due and legal service on the defendant. The defendant filed its petition for a writ of error to this court, and gave a supersedeas-bond as required by law.

The questions presented by this appeal are, as we conceive them to be, as follows:

(1) That the court erred in rendering judgment against defendant in favor of the plaintiff because the plaintiff's petition is insufficient to support a judgment in his favor, in that same fails to state the interest of the said plaintiff J. A. Long, in the policy sued upon, that is, the amount of said interest, the pleading showing the said J. A. Long was loss payee in such policy.

(2) That said pleading shows on its face a non-joinder of parties plaintiff in that C. C. Bessant is alleged to have been the owner of the property, and the pleading also shows that he was the insured named in the policy and there is no allegation that the interest of the mortgagee or loss payee—the plaintiff—exceeded the amount of the policy, and it would be impossible to adjudicate the interest of all parties and give this defendant a proper release under any judgment that could be rendered, without the presence of C. C. Bessant in the suit.

(3) That the court erred in rendering judgment in favor of the plaintiff because the return of the sheriff on the service of citation is not shown to have been made in Lubbock county, Tex., and does not show that service was had upon this defendant by service upon a local agent.

(4) Because a judgment was rendered for the principal of said policy, together with interest thereon at the rate of 6 per cent. from the date of the judgment, which interest is excessive, in that such policy provides that nothing shall be due and payable thereon until sixty days after the submission of sworn proof of loss—no such proof having been made.

Disposing of the questions presented in No. 3 above, the appellee, by application for writ of certiorari, which was granted by this court, has brought up a supplemental transcript containing the original citation with the original sheriff's return thereon. The objection of appellant to such return is fully met by the original return, hence we overrule same.

The insurance policy herein sued on is made to the plaintiff and is dated May 22, 1928, and is for a term of three years. On February 2, 1930, a loss payable clause whereby the loss or damage to the property insured became payable to the plaintiff, J. A. Long, was attached to said policy.

It is true that the plaintiff's petition alleges that one C. C. Bessant has become the owner of the insured premises and that there was indorsed on said policy a transfer of same to C. C. Bessant. However, in our view of the case, it makes no difference, as we think the plaintiff, J. A. Long, had the right to bring this suit under the loss payable clause, also as the insured.

7 Cooley's Briefs on Insurance, page 6299, lays down the following rules governing the bringing of suits on policies of insurance:

"It is a general rule that where a loss is made payable without restriction to another than insured, such appointee may recover the full amount of the insured loss, without regard to the extent of his insurable interest."

"The insured may, however, with the consent of the payee, maintain an action on such a policy in his own name."

"Nor is any account taken under this rule of any possible distinction between a policy making the loss absolutely payable to another and one making it payable to another as his interest may appear."

It appears that the consideration named in the policy moved from the plaintiff, J. A. Long, as the insured, and nowhere does it appear that Bessant paid any of the original consideration of the contract of insurance. This is apparent from considering both the insurance policy and the plaintiff's petition. Consequently, on the face of the policy, Long, as both the insured and the "loss payable payee," was entitled to maintain the suit.

■ A mortgagee can sue in his own name to collect the full amount of the insurance, though beyond his mortgage lien he can only hold as trustee. Chamberlain v. New Hampshire Fire Insurance Co., 55 N. H. 249; Hopkins Mfg. Co. v. Aurora Fire & Marine Ins. Co., 48 Mich. 148, 11 N. W. 846; Westchester Fire Insurance Co. v. Foster, 90 Ill. 121; Carnes v. Farmers' ,Fire Ins. Co., 20 Pa. Super. Ct. 634.

■ In the case at bar, the contract of insurance was attached to the petition as an exhibit and made a part of the petition. It therefore controls the allegations of the petition and cures any erroneous allegations contained therein. 10 Tex. Jur. 497, § 288, states that where the contract is made an exhibit to the petition it must be taken in aid and explanation of the allegations of the pleading, and will control and cure any misdescription of it in any allegation as to its legal effect in the body of the pleadings, and hence there can be no variance in the body of the pleadings where the instrument introduced corresponds to the exhibit.

It is held in some jurisdictions that in any event the suit must be brought in the name of the person with whom the contract was made, and from whom the consideration moved. 7 Cooley's Briefs on Insurance, page 6299.

The same work, page 6300, lays down the rule that: "The same principle will enable a mortgagee to sue in his own name when the consideration has moved from him, and to collect the full amount of insurance, though beyond his mortgage lien he can hold only as trustee."

■ That there was no necessity for joining Bessant in this suit; see Hartford Fire Insurance Co. v. Evans (Tex. Civ. App.) 255 S. W. 487, 490, in which Judge Boyce holds: "The policy being in Jamison's name and the loss payable to him, he would have had the right to sue in his own name and recover the entire proceeds of the policy without the necessity' of joining others."

In the case of Pacific Mutual Life Insurance Co. v. Williams, 79 Tex. 633, 15 S. W. 478, 480, a copy of the insurance policy being attached to and made a part of the petition which insured one Henry McDonald, the policy contained the following provision: "To be paid to Cora Williams." The insurance company suffered a default judgment to be taken against it, but filed its motion to set aside the judgment because of insufficient service, and because the petition set up no cause of action in that the plaintiff had no insurable interest in the life of the insured as appears on the face of the policy. In passing upon the question as to who had the right to bring the suit, the Supreme Court said: "It is now urged that the court below erred in rendering a judgment by default, and in refusing to set it aside, 'because the petition set up no cause of action, in that plaintiff had no insurable interest in the life of the assured, as appears on the face of the petition.' No such question was raised on the motion to vacate the judgment; but if, notwithstanding this, we consider this matter as the court below might have done on general demurrer, we do not see that the petition did not state a cause of action. The question thus raised is not one of ultimate right to the money to be recovered, but of right of appellee to maintain this action; and it has been held in many cases, under policies like that involved in this case, that the person named by the assured and insurer in the policy as the person to whom the sum secured by the policy shall be paid, may maintain an action on the policy without reference to the interest of such person in the life of the assured. Insurance Co. v. Baum, 29 Ind. 240; Insurance Co. v. Hogan, 80 Ill. 39 [22 Am. Rep. 180]; Campbell v. Insurance Co., 98 Mass. 389; Fairchild v. Association, 51 Vt. 625; Forbes v. Insurance Co., 15 Gray 255 [77 Am. Dec. 360]. In Insurance Co. v. Baum it was said: 'It is not for the insurance company, after executing such a contract, and agreeing to the appointment so made, to question the right of such appointee to maintain the action. If there should be a controversy as to the distribution, among the heirs of the deceased, of the sum so contracted to be paid, it does not concern the insurers. The appellant contracted with the insured to pay the money to the appellee, and, upon such payment being made, it will be discharged from all responsibility. So far as the insurance company is interested, the contract is effective as an appointment of the appellee to receive the sum insured.' The fact that Mrs. Williams may recover against the insurance company, and is entitled to do so, does not cut off an inquiry between her and the legal representatives or heirs of the insured as to whether she had an insurable interest. There is no error in the judgment, and it will be affirmed."

■ There being no statement of facts by which we might ascertain the date of the proof of loss, and all presumptions of fact being indulged to sustain the trial court's judgment, we overrule the defendant's claim of excess in the judgment by reason of interest recovered to date of the judgment.

Finding no reversible error, we affirm the judgment of the trial court.