AETNA INSURANCE COMPANY OF HARTFORD, CONNECTICUT,
v. J. A. LONG.

No. 6268.    Decided June 19, 1934.
(72 S. W., 2d Series, 588.)

*Thompson, Knight, Baker & Harris,* and *Pinkney Grissom,* all of Dallas, for plaintiff in error.

Plaintiff could not recover on his pleading, which failed to allege the extent of his interest and failed to allege that he was interested in the insurance policy as mortgagee or trustee. Andrews v. Union Central L. Ins. Co., 92 Texas, 584, 50 S. W., 572; Wright v. Hardie, 88 Texas, 653; Gardner v. Goodner Wholesale Gro. Co., 113 Texas, 423, 256 S. W., 911; Farmers Ins. Co. v. Archer, 36 Ohio, 608; Planters & Mer. Ins. Co. v. Thurston, 93 Ala., 255, 9 So., 268; Provident L. & A. Ins. Co. v. Johnson, 235 S. W., 650.

The Court of Civil Appeals erred in holding that the judgment was not excessive as to the extent of the interest allowed from the date of the fire to the date of the judgment and in holding that the judgment was not excessive to the extent of the interest allowed between the date of the filing of any proof and sixty days thereafter. Queen Ins. Co. v. Jefferson Ice Co., 64 Texas, 578; Home Ins. Co. v. Puckett, 27 S. W. (2d) 111.

*Levens, McWhorter & Howard,* of Lubbock, for defendant in error.

The contract of insurance sued on and attached to plaintiff's original petition showing that he was the payee, both as insured and mortgagee and trustee, and no other party being mentioned as having any beneficial interest in said contract of insurance, it was unnecessary that C. C. Bessant (the owner of the property at the time of the loss) be made a party to the suit. 7 Cooley's Briefs on Ins. (2d Ed.), 6299; Georgia Home Ins. Co. v. Leaverton, 33 S. W., 579; 10 Tex. Jur., 497; Hartford Fire Ins. Co. v. Evans, 255 S. W., 487; 26 C. J., 484, sec. 681.

Mr. Judge CRITZ delivered the opinion of the Commission of Appeals, Section A.

This suit was filed in the District Court of Lubbock County, Texas, by J. A. Long against Aetna Insurance Company, a corporation, to recover on a fire insurance policy in the sum of $1000, covering a farm building. The district court rendered a default judgment for Long in the sum of $1,038.33. The judgment was rendered on May 26, 1931, and the judgment

shows on its face that its amount was determined by adding six per cent interest from October 2, 1930, to May 26, 1931, to the face of the policy. The insurance company appealed by writ of error to the Court of Civil Appeals. That court in all things affirmed the judgment of the district court. 47 S. W. (2d) 854. The insurance company brings error.

The record is before us without a statement of facts. We do not know whether the trial court heard evidence or not. We will presume from the wording of the judgment that he did so. In this connection the judgment recites:

"This day the above entitled and numbered cause, wherein J. A. Long is plaintiff and Aetna Insurance Company of Hartford, Connecticut, is defendant, came on to be heard in its due order, and came the plaintiff by his attorneys and in person, and the defendant, although duly and legally cited in terms of law, came not but wholly made default; whereupon plaintiff having announced ready and a jury being waived, the matters in controversy as well of fact as of law were submitted to the Court, and the Court after having heard same is of the opinion that the plaintiff is justly entitled to a judgment against defendant for the sum of $1,000.00 with interest thereon from the 2nd day of October, 1930, at the rate of six per cent per annum."

We will treat the record as showing that the insurance company was duly cited. It therefore follows that the judgment against it, barring an item of interest we will later discuss, must stand unless Long's petition in the district court was subject to a general demurrer. In this connection we will presume that the facts adduced at the trial were in accordance with the allegations of this petition, but this being a direct appeal by writ of error we will presume no further.

The case was tred in the district court on Long's original petition. The petition has attached thereto, and made a part thereof, the insurance policy sued on. The insurance policy includes certain riders attached thereto, and made a part thereof. The petition in substance alleges, that on or about May 18, 1928, J. A. Long was the owner of a certain farm dwelling house situated in Lubbock County, Texas; that on that day the insurance company issued and delivered to Long its policy of fire insurance whereby it insured him against loss or damage by fire in the sum of $1000 upon said dwelling house from May 18, 1928, to May 18, 1931; that as originally issued said policy contained a loss payable clause in favor of Federal Land Bank of Houston, Texas; that thereafter said loss payable clause to

Federal Land Bank was cancelled and held for naught; that about February 18, 1930, there was endorsed on said policy a transfer thereof to one C. C. Bassant as the assured; that this was done because Bassant had become the owner of the farm dwelling house insured by said policy; that on February 2, 1930, there was attached to said policy and made a part thereof a mortgage clause in favor of Long, as is more fully shown by a copy thereof attached to the petition and made a part of the same, and marked Exhibit "C" for identification; that on or about October 2, 1930, while said policy was in force, the house covered thereby was totally destroyed by fire; that at the time said house was burned it was the property of C. C. Bassant, with a loss payable clause payable to Long; that Long performed all of the conditions of the policy after the fire, and more than sixty days before the commencement of the suit, gave the company due notice and proof of the fire and loss aforesaid, and demanded of the company the amount of the insurance, whereby the company became justly indebted to Long in the sum of $1000, the face of the policy, with interest at six per cent from October 2, 1930, which the company has failed and refused to pay to Long's damage in the sum of $1250. The prayer is for $1000 damages, with interest and costs. The prayer also prays for general and equitable relief.

The rider or loss payable clause attached to the policy is made a part of the petition. So far as applicable here it reads as follows:

"Loss or damage, if any, on building items under this policy shall be payable to J. A. Long as mortgagee (or trustee) as such interest may appear."

As already shown Long's petition in the district court alleges that the policy was transferred to Bassant because he had become the owner of the house insured. The petition then alleges:

"5. That on or about February 2, 1930, said defendant attached to said policy and made a part of same a mortgage clause in favor this plaintiff, as is more fully shown by a substantial copy thereof attached to this petition and made a part hereof and marked Exhibit 'C' for identification."

From the above it clearly appears that Long attempts to sue herein as a mortgagee. It further fully appears that the only interest he has in this policy is that of a lienholder to the amount of his lien and no further. The petition utterly fails to allege the amount of Long's lien; indeed it fails to allege, except by inference, that he is a lienholder at all. In this con-

dition of the record the petition is fatally defective and subject to a general demurrer because it utterly fails to allege any definite cause of action in favor of Long. Alamo Fire Insurance Co. v. Davis (Civ. App.), 45 S. W., 604. The opinion in the Davis case, supra, is by the late Judge Key. We approve and adopt the following from the opinion of that great jurist:

"* * * A contract of insurance is purely one of indemnity, and one seeking to collect an insurance policy must show that he had an insurable interest in the subject of insurance at the time the loss occurred. In other words, a plaintiff, seeking to collect a fire insurance policy, must show that he was the owner of the property, or was otherwise interested in it at the time of its destruction; and unless he alleges such facts in his petition no cause of action will be stated, and therefore no judgment can be rendered in his behalf. May, Ins., pars. 2, 71, 72; 11 Am. & Eng. Enc. Law, p. 312; 5 Lawson, Rights, Rem. & Prac., pars. 2037, 2095; Insurance Co. v. Everett (Tex. Civ. App.), 36 S. W., 125; Bevin v. Insurance Co., 23 Conn., 244; Quarrier v. Insurance Co., 10 W. Va., 507; Freeman v. Insurance Co., 38 Barb., 247; Chrisman v. Insurance Co., 16 Or., 284, 18 Pac., 466; Dickerman v. Insurance Co. (Vt.), 30 Atl., 808." * * * "The petition does not show that the mortgage was given to secure any particular sum, and therefore it does not show that the building and loan association had any definite interest in the building at the time it was destroyed by fire. Facts not alleged cannot form the basis of a judgment. Hall v. Jackson, 3 Texas, 309; Chrisman v. Miller, 15 Texas, 161; Wallace v. Bogel, 62 Texas, 638; Moody v. Benge, 28 Texas, 545; Malone v. Craig, 22 Texas, 609; Jennings v. Moss, 4 Texas, 452; Sneed v. Moodie, 24 Texas, 159; Telegraph Co. v. Henry, 87 Texas, 167, 27 S. W., 63. It is true, in this case, that the petition was not challenged by demurrer or exception. At any rate, the record does not show that the court ruled upon the exceptions interposed to the petition. In fact, this defect in the petition was not urged in the court below, or in this court; but, when a pleading is fatally defective, it need not be excepted to. Borden v. Houston, 2 Texas, 595; Railway Co. v. Vieno, 7 Texas Civ. App., 347, 26 S. W., 230. And when, in an essential matter, a judgment is not supported by pleading, the error is fundamental and fatal to the judgment, though not assigned. Salinas v. Wright, 11 Texas, 572; Hall v. Jackson, 3 Texas, 305; Dean v. Lyons, 47 Texas, 19; Rankert v. Clow, 16 Texas, 11; Rio Grande R. Co. v. City of Brownsville, 45 Texas, 89; Siese v. Malsch, 54 Texas, 356; City of Laredo v. Russell, 56

Texas, 398; Brackett v. Devine, 25 Texas, 195; Grant v. Whittlesey, 42 Texas, 320."

■ By the terms of the policy, which is attached to Long's petition, and made a part thereof, the company had sixty days after notice of loss to pay. The petition merely alleges that the loss accrued October 2, 1930, and that notice thereof was given to the company more than sixty days before the suit was filed. The judgment affirmatively shows that six per cent interest was allowed from the date of the fire. Obviously this was error even if the notice had been given on the very day the loss accrued. Delaware Underwriters Etc. Ins. Co. v. Brock, 109 Texas, 425, 211 S. W. 779; Security Nat. Fire Ins. Co. v. Gulf Ins. Co. (Com. App.), 41 S. W. (2d) 17; Home Ins. Co. v. Puckett (Com. App.), 27 S. W. (2d) 111.

The matters involved in the other assignments will probably not occur on another trial. We therefore pretermit any discussion of them. The judgments of the Court of Civil Appeals, and district court are both reversed, and the cause is remanded to the district court for a new trial.

Opinion adopted by the Supreme Court, June 19, 1934.