**HILLSON STEEL PRODUCTS, INC., Appellant,**

v.

**WIRTH LIMITED, Appellee.**

No. 16685.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 13, 1976.

Tindall & Foster, Charles C. Foster, Houston, for appellant.

Bass & Bass, Larry W. Bass, Houston, for appellee.

EVANS, Justice.

Wirth Limited filed this suit against defendant, Hillson Steel Products, Inc., for breach of contract. After an unsuccessful attempt to serve the defendant's registered agent, notice of the proceeding was served upon the Secretary of State pursuant to Article 2.11 of the Texas Business Corporation Act. A copy of the citation with accompanying copies of the petition were then properly forwarded by that office to the address of defendant's registered agent but the envelope was returned with the notation "addressee unknown." Subsequently a default judgment was entered awarding plaintiff damages in the amount of $151,427.89 and attorney's fees in the amount of $15,142.00. We reverse and remand.

In its first point of error the defendant asserts that the record does not affirmatively show that the trial court had proper jurisdiction over it. Under this point it argues that there is no evidence independent of the allegations in the petition as to the identity of the defendant's registered agent for service of process nor as to the location of defendant's registered office at the time of service. In support of its position the defendant cites *Hanover Modular Homes of Taft v. Corpus Christi Bank & Trust*, 476 S.W.2d 97, 99 (Tex.Civ.App., Corpus Christi, 1972, no writ).

The citation in the instant case required service upon the defendant "by serving its registered agent for service of process, Eddie Hill, whose address is 1205 Baker Road, Sherman, Grayson County, Texas . ." The sheriff's return recites the following:

"After diligent search and inquiry, I have been unable to locate Hillson Steel Products, Inc., 1205 Baker Road, Sherman in Grayson County, Texas. Information is that there is no longer a business and at this time we are unable to locate the agent for service Mr. Eddie Hill. New P/S lists Hillson Steel as South of the city of Durant, Okla 405 924–6996."

▇ The defendant contends that this return shows only that the sheriff tried to serve the defendant, Hillson Steel Products,

Inc., at the Baker Road address and that it does not show an attempt to serve the registered agent, Eddie Hill. It also asserts that the return shows the citation was received one day and returned unexecuted the following day, and argues that this is not the "diligent search and inquiry" required by Rule 107, T.R.C.P. In our opinion, it was not necessary, under the circumstances of this case, that appellee introduce proof independent of the allegations of its petition to establish the identity of the defendant's registered agent or its registered office. *Whitney v. L & L Realty Corporation*, 500 S.W.2d 94, 95 (Tex.1973); *McKanna v. Edgar*, 388 S.W.2d 927, 930 (Tex.1965); *Employer's Reinsurance Corporation v. Brock*, 74 S.W.2d 435, 438 (Tex.Civ.App., Eastland, 1934, writ dism'd); McDonald, Texas Civil Practice, Judgments, § 17.23.2, p. 117. We are further of the opinion that the sheriff's return, considered together with the citation to which it refers, sufficiently complies with Rule 107, T.R.C.P. *Brown-McKee, Inc. v. J. F. Bryan & Associates*, 522 S.W.2d 958, 959 (Tex.Civ.App, Texarkana, 1975, no writ). Article 2.09A(2), Tex.Bus.Corp.Act, requires that the business office of an individual registered agent must be identical with the registered office of the corporation. We believe a reasonable construction of the sheriff's return shows an attempt to locate the defendant's registered agent at his registered office. We further find that the recital in the return of diligent search and inquiry was not defeated by showing that the citation was received one day and returned unexecuted the next.

▇ The defendant further argues that the sheriff's return is defective in that it does not affirmatively show the "means of service," citing *Watson Van & Storage Co. v. Busse*, 451 S.W.2d 557 (Tex.Civ.App., Houston [1st] 1970, no writ). The sheriff's return recites that the citation, together with the accompanying copies of the plaintiff's first amended original petition were served "by delivering to Mark W. White, Jr., Secretary of State of Texas as agent for service." The certificate from the Secretary of State recites that the citation and

accompanying copies of the petition "were served upon the Secretary of State . . by delivering to and leaving said copies with J. Bruce Hughes, the Assistant Secretary of State." Article 2.11, Tex.Bus.Corp. Act, provides that service may be had by leaving process with the Secretary of State or with the Assistant Secretary of State. We believe the record reflects the proper mode of service in this respect.

We overrule the defendant's first point of error.

■ We next consider the defendant's third point of error wherein it asserts that the pleadings are not sufficient to support the default judgment. This question may, in our opinion, properly be raised on direct attack by writ of error. See McDonald, Texas Civil Practice, Vol. 4, Sec. 17.23.3, pp. 119–121. The plaintiff's first amended original petition, upon which the default judgment in question is founded, contains the following allegations:

## II.

"Plaintiff will show that on or about September 19, 1974, Plaintiff, acting by and through its duly authorized representative, W. V. Garrett, who resides and operates in Houston, Harris County, Texas, contacted Charles E. Hill, President of Defendant, at his office in Durant, Oklahoma. Such contact was by phone. Plaintiff will further show that during said conversation, Plaintiff discussed with Defendant the availability of 1,000 tons of steel products to be rolled at foreign mills located in Europe. Such discussion included the availability of the products, a description of the products, the price at which said products could be purchased, and the delivery date of said products. Thereafter, the Defendant offered to purchase from the Plaintiff 1,000 tons of steel products to be rolled in foreign mills located in Europe. After verification of the availability of said products, Plaintiff notified Defendant by phone that Defendant's offer to purchase said products was accepted. Such oral contract was subsequently confirmed in writing by the

Defendant, which confirmation is attached hereto as Exhibit 'A' and incorporated by reference herein, which confirmation was acknowledged by the Plaintiff pursuant to Exhibit 'B' which is attached hereto."

In this petition the plaintiff further alleged that after ordering the steel products through the European mills but prior to delivery, it was notified by the defendant that delivery would be refused and that the steel products were subsequently delivered to the Port of Houston. It further alleged that since the defendant had refused to accept delivery, it sold the products on the open market at a price substantially lower than the contract price, and it sought recovery of the net sales price based upon the contract represented (Exhibit B above), incidental expenses and attorney's fees.

It is the defendant's position that the plaintiff's petition fails to state a cause of action sufficient to support the default judgment. It points out that instead of accepting the defendant's written offer of a contract, as set forth in Exhibit A to the petition, the plaintiff made the counter offer represented by Exhibit B, which was not accepted by the defendant. It asserts that the exhibits attached to the plaintiff's petition establish that the plaintiff's counter proposal contained material terms which were at variance with and in addition to those contained in the defendant's offer and that such counter proposal was never accepted by the defendant. It contends that the plaintiff's counter proposal contained material price changes and also that the terms of the counter proposal shifted the risk of loss from the plaintiff to the defendant.

The plaintiff contends on the other hand that the petition shows a contract to have been established between the parties at the time the defendant gave written confirmation of the parties' earlier telephone conversation.

■ The contract sued upon by plaintiff and upon which relief was granted was the plaintiff's counter proposal represented by

Exhibit B to the petition. It was not alleged that this counter proposal was ever accepted by the defendant and the face of the exhibit contract shows that the place for the defendant's acceptance was left blank and unexecuted. Since the documentary exhibits were attached to and made a part of the petition they must be considered in determining whether the petition alleged a valid cause of action. See *Aetna Ins. Co. v. Long*, 123 Tex. 500, 72 S.W.2d 588 (1934).

Section 2.207, Tex.Bus. & Com.Code, provides in part:

"(a) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms."

The plaintiff's counter proposal is clearly "conditional on assent to the additional or different terms." The terms which are set forth in the counter proposal materially alter the terms contained in the defendant's written proposal and cannot, in our opinion, be considered mere suggestions or proposals in furtherance of a pre-existing contract. See Comment 1, § 2.207, Tex.Bus. & Com.Code, supra. The allegations of the plaintiff's petition do not, therefore, reflect a "definite and seasonable expression of acceptance" on the part of the defendant of the terms of the contract alleged and which formed the basis for the relief granted by the default judgment. In view of further proceedings we expressly limit our decision in this respect to the allegations contained in the petition before us. We further state our view that the allegations in plaintiff's petition are not of a nature as would support an award of attorney's fees. *Meaders v. Biskamp*, 159 Tex. 79, 316 S.W.2d 75 (1958).

In view of our action with respect to defendant's third point of error, it is unnecessary that we consider its second point of error that the record does not affirmatively show compliance with Rule 296, Texas Rules of Civil Procedure, and Article 2324, Tex.Rev.Civ.Stat.Ann. We accordingly make no determination of the questions raised by that point.

In its fourth point of error the defendant asserts that the record does not affirmatively show compliance with Rule 239a, Texas Rules of Civil Procedure, which requires a party taking a default judgment to certify to the clerk in writing the last known mailing address of the defendant and for the clerk to mail notice of the default judgment to such address. The defendant asserts that the certificate filed by the plaintiff shows the defendant's registered office as its last known mailing address instead of the address of its place of business in Oklahoma. In view of our determination of the defendant's third point of error it is not necessary that we decide this point; however, we state our view that Rule 239a, T.R.C.P., does require certification and mailing to the last known address of the defendant notwithstanding that the defendant may have a different office registered for service of process.

The default judgment is set aside and the cause is remanded for further proceedings.