RUSE *v.* THE MUTUAL LIFE INSURANCE COMPANY.

Is a prospectus, distributed by a life insurance company, admissible to vary a provision in a policy issued by it? A disposition indicated to re-examine this question, discussed between the same parties (23 N. Y., 516).

MOTION for a reärgument, upon the ground that certain recent English decisions upon one of the points involved had not been brought to the attention of the court.

*John W. Edmonds,* for the motion.

*Alvin C. Bradley,* opposed.

DAVIES, J.    A motion is made for a reärgument of this case. It was disposed of by this court upon two points (23 N. Y. 516):

1. That a prospectus, distributed by a Life Insurance Company, stating that a party neglecting to settle his annual premium within thirty days after it is due forfeits the interest in his policy, was inadmissible to vary or control an express provision in a policy for life, that it should cease and determine in case of a failure to pay the premiums according to the terms of the policy.    The policy declared that if the annual premium was not paid on or before the 10th day of April, in each year, during the continuance of the policy, it should cease and determine.

2. That a recovery cannot be had upon a life policy, where the party taking it out does not prove an interest in the life insured.    In this case the plaintiff gave no evidence of any pecuniary interest in the life of Bugbee, whose life he insured, or of any relationship to him.

Both these points were considered and decided by this court.    The motion for the reärgument is based upon the ground that the attention of the court was not called to several decisions in England, where a contrary rule had been adopted in reference to the prospectus issued forming a part of and controlling the terms and conditions of the policy.    The cases referred to, *Wood* v. *Dwarris et al.* (11 Exch., 493); *Wheelton* v. *Hardisty* (92 Eng. C. L., 231); and *Collett* v. *Morrison* (9 Hare, 173), do certainly hold, that the prospectus might equitably be regarded as forming a part of and controlling the terms of the policy.    It is not improbable that an examination of these cases would have led this court to a different conclusion than the one it arrived at upon this point.    If this had been the only point upon which the case had turned in this court, it might have felt inclined to have ordered a reärgument, and permitted the parties again to discuss it, and have reviewed our opinion in the case.    But this court held the second point fatal to the plaintiff's recovery in this case, and no suggestion is now made, that upon this point any mistake or error has

been committed. It was carefully considered and is fully discussed in the opinion, and we see no reason for permitting it to be reöpened and reconsidered. If we should come to a conclusion upon a reärgument favorable to the plaintiff upon the first point, it would not avail him anything, as our decision upon the second point would remain adverse to him, and would necessarily control the disposition of the case.

The motion for a reärgument is therefore denied, with costs.

Motion denied.