Talcott, P. J.:
This is an action on a policy of life insurance, issued by the defendant, through its general agent, at Utica, on January 38, 1870.’ The defendant in its aoswer sets up several false and fraudulent representations, made to the defendant in obtaining the policy, ■and also ■ separately sets up certain breaches of warranty as a defense to the action.
The policy of insurance was upon the life of Amos S. Ferguson, -the brother of the plaintiff, and was obtained upon the declaration of the plaintiff, that he had an interest in the life of the said Amos S. Ferguson to the full amount of the policy, to wit, the ■sum of $5,000.
The complaint averred that at the time the policy was made and delivered, the said .Amos was indebted to the plaintiff in the sum •of $5,000, and upward, and that he was so indebted at tbe time of his death.
The defendant in its answer averred tbat Amos was not at the time of issuing, or at any time thereafter, indebted to the plaintiff in any amount whatever, and that the plaintiff had no insurable interest in the life of said Amos which fact was well known to the plaintiff and was fraudulently concealed from the defendant; and the defendant insists that by reason of such .fact the said' declaration and the policy were untrue and fraudulent as against the *322 defendant, and were and are wholly inoperative and void as-against it.
The plaintiff specially replied to the answer, amongst other things, that in the year 1871 the company commenced an action against him, the plaintiff, in the Supreme Court, Oneida county, to have declared void, delivered up and canceled the said policy of insurance, “ upon the grounds and for the reasons substantially set up in the defendant’s answer in this action, that the said policy was and is void.” That an issue was joined in said action and was duly tried on the merits at a Special Term, in January, 1873, and the same was subsequently decided by the 00111!:, and the decision in writing duly filed on June 21, 1873, “ wherein and whereby it was adjudged and declared that the said policy of insurance was not void for the reasons alleged in the complaint in said action, or for any reason, and that the same was valid, and the said complaint in said action was dismissed with costs, and the said judgment has since stood and does now stand in full force and virtue.”
After the plaintiff had rested on the trial without having given any evidence tending to show that the plaintiff had any insurable interest in the life of the said Amos, at the time of the issuing of the policy or at any time afterwards, the defendant’s counsel moved for a nonsuit, on the ground that the plaintiff had proved no cause of action, and that he had not proved any insurable interest in the life of Amos S. Ferguson, which motion was denied, and the defendant excepted to the ruling.
But at the close of the opening for the defense, the counsel for the plaintiff offered in evidence the judgment roll in the former action, which was, objected to by the defendant, but admitted. From the judgment roll it appeared that the company in that suit alleged that the now plaintiff, intending to cheat and defraud the now defendant of the moneys therein specified, made an application to the now defendant to insure the life of one Amos Ferguson for $5,000, and for the sole benefit and advantage of the now plaintiff, and that, to induce the now defendant to accept such risk and to issue such policy, the said James D. Ferguson presented to the company a declaration or statement subscribed by him in relation to the .health, habits and occupation of , the said Amos S., *323 falsely stating and representing among other things that the said Amos was then in good health, and usually enjoyed good health, and that the said Amos never had disease of the heart or other disease to injure his health ; and also .presented a physician’s certificate to the same effect, but that the said representations were false and fraudulent, &c.; and that the company, misled by such misrepresentations, issued the policy; _ and that by reason of the premises the policy was and is fraudulent and void, and ought to be surrendered up to the plaintiff and canceled ; and demanded relief, and a judgment that the said policy of insurance was obtained by fraud and misrepresentations, and was and is fraudulent and void; and that the now plaintiff be adjudged and directed to deliver up the same to be canceled, and for such other’ relief as may be just.
There was not a word in the complaint in the former action, drawing in question the insurable interest of the plaintiff in this suit. But in the answer in that suit the now plaintiff states by way of -recital, that “ Amos S. Ferguson, mentioned in the said complaint being indebted to this defendant, and thereby this defendant being interested in his -life, this defendant made application to the said plaintiff . . . for an insurance on the life of the said Amos S. Ferguson, to the amount of $5,000, for the benefit of the said defendant as a creditor of the said Amos S. Ferguson,” &c. And the trial judge in his findings, finds among his conclusions of facts, by way of recital also, “That on or about the 21st day of January, A. D., 1870, the defendant then being á creditor of one Amos S. Ferguson, to the amount of over $5,000, applied,” &e. But' there was ho issue whatever in that suit upon the question of Amos S. Ferguson’s indebtedness to the now plaintiff, or upon the insurable interest of the now plaintiff in the life of the said Amos S.
The evidence given in the former action does not appear: The replication of the plaintiff to the answer of the defendant in this suit avers, that it was adjudged ’ and decreed in the former suit, “that the said policy of insurance was not void for the reason alleged in the complaint in said action, or" for-any-reason, and that the same was valid.” .....’’j" ‘
■ 'This' is a misapprehension of the form of "the former judgment *324 which, following in the language of the conclusion of law of the court before which that cause was tried, simply adjudged that the policy of insurance was “not void for the reason alleged in the complaint.”
After the record of the former judgment was received in evidence, the court excluded all evidence offered to sustain the defense of the defendant or any part of it, on the ground that the defendant was estopped by the record of the former judgment from setting up any such defense. • The defendant’s counsel offered to prove that at the time tbe application was made, and at the time the policy was issued, the plaintiff did not have an insurable interest to the amount of $5,000, or to any amount, in the life of Amos S. Ferguson. The court said, in respect to this offer, “ There is an ex • press finding in the decision in the former action, to the effect that he did have an insurable interest, and that, together with the proof now before the court, is conclusive upon the defendant,” and excluded the evidence ; to which ruling the defendant excepted.
The court,-it will be observed, did not seem to have noticed that the finding referred to was not within any issue in the former suit, and was only stated incidentally and by way of recital. No evidence was given, save by the production of the judgment record in the former suit, tending to show that the plaintiff had, at the time of issuing the policy, or at any other time, any interest in the life of Amos S. Ferguson.
The Revised Statutes declare on the subject (1 R. S., 662, § 8) as follows: “ All wagers, bets or stakes made to depend upon any . : . . unknown or contingent event whatever, shall be unlawful ; ” all contracts for or on account of any money or property, or thing in action so wagered or staked, shall *be void; and in section 10, “ The two last sections shall not be extended so as to prohibit or in any way affect any insurance made in good faith for the security or indemnity of the party insured, aud which are not otherwise prohibited by law
The 'defense of a want of an insurable interest was, as we have -noticed, specially set up in the answer in this case and was in issue. The modern American authorities hold that unless the assured has some interest in the life of the party whose life is insured, the *325 policy of insurance is void as a wager policy, and was void at the common law, and is especially so since the statute above referred to, which is merely declaratory; and that interest in the subject matter is- essential to recovery on a life policy, as well as in all other policies of insurance. (Ruse v. Mutual Benefit Life Ins. Co., 23 N. Y., 516; S. C., on a motion for reargument, 24 N. Y., 653.) And it was then held, contrary to the doctrine of certain English cases, that the simple declaration of interest on the part of the assured was not sufficient, but that the interest must be proved when put in issue. Tbe interest must exist when the policy is issued (Howard v. Albany Ins. Co., 3 Denio, 301, and Ruse v. Mutual Benefit Co., supra), and must exist when the loss occurs. (Shotwell v. Jefferson Ins. Co., 5 Bosw., 247; Murdock v. Chenango Ins. Co., 2 N. Y., 210; Fowler v. New York Indemnity Ins. Co., 26 Id., 422; Freeman v. Fulton Fire Ins. Co., 14 Abb. Pr., 398; Mutual Life Ins. Co. v. Wager, 27 Barb., 359; Bliss on Life Ins., 18, 19, notes; May on Ins., 115.)
The defendant sets up in its answer, as a third and separate answer, that the application and statement therein contained and the answers to the questions thereto annexed, became the basis and formed a part of the policy, and it was thereby expressly agreed that if the same were not in all respects truly and correctly stated, the policy should be void, and specifies certain alleged breaches of warranties contained in the said policy. A breach of a warranty contained in- a policy of insurance constitutes a defense, independent of the question whether the policy was obtained by any fraudulent representation. (Foot v. Ætna Life Ins. Co., 61 N. Y., 571; Barteau v. Phenix Life Ins. Co., 67 Id., 595; Cushman v. United States Life Ins. Co., 63 Id., 404.)
The trial court in this case, being about to direct a verdict for the plaintiff, said, “ For the purpose of the ruling my impression is, that the facts contained in the respective offers are unavailing to the defendant, for the reason that the effect of the judgment record and the effect of the subsequent payments [of premium], with the knowledge on the part of the defendant which is now shown by the evidence, would estop this defendant; and that, therefore, it would *326 not be a useful expenditure of time to go through the evidence in detail, and then reach these rulings in the end.
“ The ruling is made with the same force and effect as if the evidence was here. To that ruling the defendant has an exception.” The court thereupon directed a verdict in favor of the plaintiff for the amount of the policy, less the amount of the set-offs allowed. The jury returned such verdict. The defendant then moved for a new trial on the minutes.
We are of the opinion that the court erred in holding the defendant estopped by the judgment in. the former action, not only as to the insurable interest of the plaintiff in the life of Amos S. Ferguson, but also as to so much of the defendant’s defense as was founded on an alleged breach of the warranties of the policy. The plaintiff did not and could not have recovered in the former action on the ground of a breach of warranty.
The rule is explicit and absolute that a party must recover, if at all, in equity, according to the case made by his bill; and no relief can be granted for matters not charged in the bill, though they may be apparent from other parts of the pleadings and from the evidence. The judgment must be seov/ndmn allegaba as well as probata. (Bailey v. Ryder, 10 N. Y., 363; Peck v. Mallams, Id., 548; Ferguson v. Ferguson, 2 Id., 361; Frost v. Koon, 30 Id., 446.)
The adjudication in the former action was only upon the issue litigated, and which, as we have seen, was the only one which was determined in that case. (Campbell v. Consalus, 25 N. Y., 613; People v. Johnson, 38 Id., 63; Sweet v. Tuttle, 14 Id., 465; Stowell v. Chamberlain, 60 Id., 212.)
In Campbell v. Consalus (supra), it was held that the amount due by the bond should have been put in issue, though there was an agreement that matters foreign to the pleadings might be given in evidence and decided by the verdict, but it was held that such agreement did not operate to enlarge the operation of the judgment rendered on such verdict.
In Stowell v. Chamberlain (supra), where it was claimed that a former judgment between the same parties was an estoppel, it was held, that in order “ to bar the second action, the circumstances must be such that the plaintiff might have recovered in the first, *327 ■for the same cause as is alleged in tbe second.” "We think the verdict was erroneously directed, for the reason that the judgment in the former action was received as an absolute bar and estoppel •against the defendant’s defense, not only of a want of interest in tbe plaintiff in tbe life insured by tbe policy, but also as a bar to tbe defense of a breach of warranty.
But in so bolding, we do not mean to be understood as deciding, but wbat tbe subsequent payment and receipt of tbe premiums, with notice to the company of tbe facts which are sot up as breaches of the warranties, may have estopped it from setting up those defenses, hut .only that the verdict was directed on erroneous grounds, and because there may be questions of fact as well as law to be disposed of on another trial.
Tbe order denying a new trial and judgment reversed, and a new trial ordered, costs to abide tlie event.
Present — Talcott, P. J., and Smith, J.; Hardin, J., not sitting.
Judgment and order reversed and new tidal ordered, costs to •abide event.