The People of the State of New York v. The Knickerbocker Life Insurance Company, Jane Wright, Claimant, Appellant.

Defendant issued a policy of insurance upon the life of W for the benefit of his wife. Conspicuously printed upon it were the words "Non-forfeiture policy." By its terms, however, it was forfeitable by failure to pay premiums or for other breaches of its conditions, but if at the time of an omission to pay the premium on the day it became due, two or more annual premiums had been paid, defendant covenanted to issue a new policy for as many tenths of the original insurance as there had been premiums paid, without subjecting the assured to any subsequent charge, except interest annually on all premium notes remaining unpaid. After the payment of six annual payments, partly in cash, partly in notes, the assured surrendered it and the company issued a new policy for six-tenths of the amount of the original policy, which new policy required the payment of annual interest on the outstanding notes at a day specified, and provided that a failure to pay the interest on or before the day specified therein avoided the policy. The assured paid interest for three years but paid nothing thereafter. Defendant having become insolvent, a receiver of its assets was appointed, to whom the new policy was presented

as a claim, the claimant alleging that she had no actual knowledge that the new policy contained the clause of forfeiture. *Held*, that conceding the claimant, after having accepted and retained the' new policy for so long a time, could now insist that the forfeiture clause was inserted without authority (as to which *quære*), said policy conformed to the agreement in the original policy, which clearly showed the intention, in case a new policy was issued, to impose upon the assured an obligation to pay interest annually on premium notes outstanding, and the right of the company to insert the usual provision of forfeiture as a means of enforcing this obligation was implied.

Forfeiture for non-payment of premiums called for by a policy of insurance is a proper and necessary means of protecting life insurance companies from embarrassment.

(Argued October 19, 1886; decided November 23, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made May 13, 1886, which affirmed an order of Special Term, sustaining exceptions to a referee's report and dismissing the claim of Jane Wright, appellant, presented to the receiver of the defendant appointed in this action.

Defendant issued to the claimant a policy of insurance upon the life of her husband which contained a clause providing for its surrender and the issuing of a new policy. The claim was upon a new policy issued in pursuance of this clause.

The original policy contained a provision "that if after the receipt by the company of two or more annual premiums, the policy should cease in consequence of the non-payment of premiums, the company, on the surrender of the same, will issue a new policy for the full value acquired under the old one, subject to any notes that may have been received on account of premiums; that is to say, if payments for two years have been made, it will issue a policy for two-tenths of the sum originally insured; if for three years, three-tenths; and in the same proportion for any number of payments, without subjecting the assured to any subsequent charge, except the interest annually on all premium notes remaining unpaid on this policy." The claimant allowed the policy to lapse after paying partly in cash and partly in notes six annual premiums.

Thereafter she surrendered it, and the company issued a new policy for six-tenths of the amount of the original policy, which contained a recital that it was issued in consideration of the surrender of the old policy and of the representation made in the application therefor, and of the payment of interest annually, every twenty-second day of November, on all notes or credits given for premiums on the original policy. The outstanding notes or credits amounted to $1,620 and were charged against the policy.

The new policy also contained this clause: "If the interest upon said notes or credits shall not be paid on or before the day or days above mentioned for the payment thereof  *  *  * then and in every such case the company shall not be liable to pay the sum assured, or any part thereof, and said policy shall cease and be null and void without notice to any party or parties interested herein." The claimant paid interest on the notes for three years after the new policy was issued, until 1877, and then ceased to pay interest and made no further payments. In 1882 the company became insolvent and a receiver was appointed. It is claimed that the claimant had no actual knowledge that the new policy contained the clause of forfeiture above quoted, and that it was fraudulently inserted by the company.

*John B. Green* for appellant    All that is printed or written on the face of it and on the back of it are parts of the policy and constitute the contract. (*Jennings* v. *Chen. Co. M. Ins. Co.*, 2 Den. 75; *Patch* v. *Phœnix Mut. Life Ins. Co.*, 44 Vt. 481; *Douglass* v. *Knick. Life Ins. Co.*, 83 id. 492–503.) The forfeiture condition was inserted in the policy to meet the case of those who, after payment of three or more premiums, became unable or for some cause unwilling to continue the payment of premiums, and for that reason permitted the policy to lapse. (*Douglass* v. *Knick. Life Ins. Co.*, *supra.*) The title, the red clause and penalty clause are to be read together; and so read, giving due effect to each, they are harmonious. (*Holly* v. *Met. Life Ins. Co.*, 17 N. Y. Week. Dig. 342; *Fake*

v. *Eddy's Ex'r*, 15 Wend. 76; *Cutter* v. *Mayor, etc.*, 92 id. 166; *Hay* v. *Star Fire Ins. Co.*, 77 id. 235; *Cowles* v. *Cont. Life Ins. Co.*, 1 N. E. Rep'r, 247; *Bruce* v. *Cont. Life Ins. Co.*, id. 635; *Patch* v. *Phœnix Mut. Life Ins. Co.*, 44 Vt. 481; 3 Big. Ins. 777; *McMaster* v. *Ins. Co. of North America*, 55 N. Y. 222, 232; *S. C.*, 3 Ins. L. J. 273; *Griffey* v. *N. Y. Cent. Ins. Co.*, 100 N. Y. 417, 421, 424; *Union Cent. Life Ins. Co.* v. *Poetter*, 33 Ohio, 459, 462; *Helme* v. *Phila. Ins. Co.*, 61 Penn. St. 107; *S. C.*, 1 Big. Ins. 685–8; *Hull* v. *Nor. West. Mut. Ins. Co.*, 39 Wis. 397; *S. C.*, 5 Big. Ins. 558, 563; *McAllister* v. *N. E. Mut. Life Ins. Co.*, 101 Mass. 558; Bliss on Life Ins., § 186 [2d ed.], 292–293.) The policy must be interpreted against the right to forfeit it for non-payment of interest, also because the assured clearly understood it to be a non-forfeitable policy, and the company just as clearly understood, knew that it was and intended that it should be so understood. (*White* v. *Hoyt*, 73 N. Y. 505; *Barlow* v. *Scott*, 24 id. 40; *Thompson* v. *St. Louis Mut. Life Ins. Co.*, 52 Mo. 469; *S. C.*, 2 Ins. Law Jour. 422; Bliss on Life Ins., § 190 [2d ed.], 302; *Bruce* v. *Cont. Life Ins. Co.*, 1 N. E. Rep'r, 635.) This interpretation should be adopted also because the statutory policy of the State favors non-forfeitable life insurance. (Chap. 341, Laws of 1876; chap. 321, Laws of 1877; chap. 347, Laws of 1879.) The new policy issued solely in compliance with the obligation created by the old one, and as the old policy has never been released, and there was neither a consideration for nor an assent to any change in its terms. (*Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 562, 575; *Vanderbilt* v. *Schreyer*, 91 id. 392; *Baker* v. *Union Life Ins. Co.*, 43 id. 283; *Cole* v. *Knick. Life Ins. Co.*, 63 How. Pr. 442; *Ohde* v. *N. W. Mut. Life Ins. Co.*, 5 Big. Ins. 145; *Little* v. *The Same*, id. 137; *S. C.*, 5 Ins. L. J. 149; *Montgomery* v. *Phœnix Mut. Life Ins. Co.*, 8 id. 300.) Equity affords relief in such cases where fraud has been practiced by one party and the other acted under a mistake. (*Gillespie* v. *Moon*, 2 Johns. Ch. 585; *Wheeler* v. *Conn. Mut. Life Ins. Co.*, 82 N. Y. 543; *Hay* v. *Star Fire Ins. Co.*, 77 id. 235; *Brink* v. *Hanover*

*Fire Ins. Co.*, 80 id. 108, 113 ; *Allen* v. *Addington*, 7 Wend.
9 ; *S. C.* on appeal, 11 id. 374; *Zabriskie* v. *Smith*, 13 N. Y.
322, 331 ; *Brown* v. *Montgomery*, 20 id. 287 ; *Devoe* v. *Brandt*,
53 id. 462 ; *Welles* v. *Yates*, 44 id. 525, 528, 531 ; *Barlow* v.
*Scott*, 24 id. 40, 42, 43 ; *Matthews* v. *Terwilliger*, 3 Barb. 50.)
The claimant was not chargeable with laches. (*Albany City Sav.
Inst.* v. *Burdick*, 87 Barb. 40–48 ; *Blossom* v. *Dodd*, 43 N. Y.
264 ; *Phœnix Fire Ins. Co.* v. *Greene*, 1 Paige, 278, 280 ;
*Barlow* v. *Scott, supra*, 40, 44 ; *De Peyster* v. *Hasbrouck*, 11
N. Y. 582 ; *Hay* v. *Star Ins. Co.*, 77 id. 235, 240–1 ; *Bidwell* v.
*Astor Mut. Ins. Co.*, 16 id. 263 ; *Bartlett* v. *Judd*, 21 id. 200.)
To uphold this paid-up policy the old policy should have been
canceled and the new one understood and assented to by the
assured. (*Att'y-Gen'l* v. *Cont. Life Ins. Co.*, 91 N. Y. 647, 648 ;
*St. Louis Mut. Life Ins. Co.* v. *Grigsby*, 10 Bush [Ky.], 310 ;
*S. C.*, 4 Big. Ins. 633 ; 2 Cent. L. J. 123 ; *Hull* v. *N. W.
Mut. Life Ins. Co.*, 39 Wis. 397 ; *S. C.*, 5 Big. Ins. 558.)
A forfeiture clause cannot be extended beyond its exact and
literal words. (*Sutt* v. *Cont. Mut. Life Ins. Co.*, 2 West. Rep'r,
438 ; *Russam* v. *St. Louis Mut. Ins. Co.*, 3 Cent. L. J. 275 ;
*S. C.*, 5 Big. Ins. 243 ; *Patch* v. *Phœnix Mut. Life Ins.
Co.*, 34 Vt. 481 ; 3 Big. 777 ; *Bruce* v. *Cont. Life Ins. Co.*,
1 N. E. Rep'r, 635.)

*Leslie W. Russell* for respondent. A provision as to the
payment of interest on premium notes and avoiding the policy
if it is not paid is valid and proper, and, in the absence of
fraud or some special equity, the court will not and may not
relieve the claimant after he has broken his contract. (*Atty.-
Genl.* v. *North America Life Ins. Co.*, 82 N. Y. 172, 189,
190 ; *Roehner* v. *Knickerbocker Life Ins. Co.*, 63 id. 160, 164.)
Courts cannot with safety vary the stipulation of the parties by
introducing equities for the relief of the insured against their
own negligence. (*N. Y. Life Ins. Co.* v. *Statham*, 93 U. S.
24, 30.) If every condition in an insurance policy upon which
its validity is made to depend is not performed its invalidity
may be asserted. (82 N. Y. 190 ; *Douglass* v. *Knickerbocker*

*Life Ins. Co.*, 83 id. 492.)   No cause for the reformation of the contract is shown.   (*Paine* v. *Jones,* 75 N. Y. 593 ; *Bartholomew* v. *Ins. Co.,* 64 id. 263 ; *Mead* v. *West. Ins. Co.,* id. 453.)

Andrews, J.   The words " non-forfeiture policy " were conspicuously printed on the original policy.   But a reference to the body of the policy shows that it was not intended to make the policy non-forfeitable except in a limited sense.   The assured was not relieved from the obligation to pay the premium annually on the day specified.   By the express terms of the contract an omission to pay the premium on the day it became due avoided the policy.   But if at the time of such omission he had paid two or more premiums, the company bound itself to issue a new policy for as many tenths of the original insurance as there had been premiums paid.   This was the only sense in which the original policy was non-forfeitable. The assured would not lose all benefit from premiums paid if the policy should become void by an omission to pay subsequent premiums.   An omission to pay the premiums when due terminated the original contract, but the assured, if he had paid two or more premiums, would, on a surrender of the policy, be entitled to the substituted contract as provided. In case of a breach of any of the conditions of the policy other than the omission to pay the premiums when due, the assured was in no way protected against an absolute forfeiture of the policy.   It is claimed that the insertion in the new policy of the clause of forfeiture for non-payment of interest annually on the outstanding premium notes given for premiums on the old policy, was unauthorized by the terms of the original policy.   We think this claim is not well founded. The company did not undertake to give a new policy free from all conditions.   It was expressly provided that the new policy should be " subject to any notes that may have been received on account of premiums."   The intention to impose upon the assured in case a new policy should be issued, an obligation to pay the interest annually on premium notes outstanding, is

clearly shown by the further provision in the original policy, that the assured to whom a new policy should be issued, was not to be subjected " to any subsequent charge, except the interest annually on all premium notes remaining unpaid on this policy." If the premiums had been paid in cash no further payment would have been necessary. If paid in part in notes, only the annual interest thereon would be required to be paid, and the principal would remain a charge on the policy, to be settled on the final liquidation. It is true that the original policy did not provide for the insertion in the new policy of a clause of forfeiture for non-payment of the interest. But it was made forfeitable on the non-payment of the premiums at the day, with a provision for a substituted contract, and it was also subject to forfeiture for breaches of other conditions. Causes of forfeiture were contemplated. The new contract was to be made subject to the payment by the assured of annual interest on the outstanding notes, and the right of the company to insert a clause of forfeiture as a means of enforcing this obligation and of protecting the company against the accumulation of unpaid interest, was, we think, implied. The successful prosecution of the business of life insurance requires prompt payment by policy-holders of their obligations. " It is on this basis that they are enabled to offer assurance at the favorable rates they do. Forfeiture for non-payment is a necessary means of protecting companies from embarrassment." (BRADLEY, J., *N. Y. Life Ins. Co.* v. *Statham,* 93 U. S. 24, 30.) The policy of following breaches of conditions by forfeiture was indicated in the original policy, and the fair construction of the agreement to give a new policy subject to the annual payment of interest on outstanding notes, authorized the insertion in the new policy of the usual provision of forfeiture on non-payment. We are of opinion that the new policy conformed to the agreement in the original policy, and it is, therefore, unnecessary to determine whether the claimant could be permitted, after having accepted the policy and held it for years without objection, to now insist that the forfeiture clause was inserted without authority, and excuse himself on the

ground that he did not know of its existence until after the insolvency of the company.

The cases of *Cowles* v. *Continental Life Ins. Co.*, decided by the Supreme Court of New Hampshire (2 N. E. Rep'r, 247), and of *Bruce* v. *Same Company*, decided by the Supreme Court of Vermont (2 N. E. Rep'r, 635), involved the construction of clauses in original policies dissimilar to those in question. The clauses considered in those cases, so far as the reports show, did not provide that the new policy should be subject to the payment by the assured of annual interest on the outstanding notes.

The order should be affirmed.

All concur.

Order affirmed.