MARY FOWLER, Respondent, *v.* THE METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

In 1869 defendant issued to F. a policy of life insurance containing provisions to the effect that if after receiving three or more annual premiums the assured should fail to make payment of any further premiums when due the company would, in exchange therefor, issue a paid-up policy for the proportion of the amount of insurance paid for, and that one-third of the annual premiums might be indorsed as a loan. In 1872 the assured, in consideration of the surrender of this policy, received another policy which provided for the payment, annually in advance, of interest on the notes given in part payment of premiums on the former policy, and that, in case of default of the annual payment on or before September twelfth, in each year, it should be void. On September 13, 1874, payment of interest was tendered to but refused by defendant on the ground the policy had lapsed. In each succeeding year, until the death of the assured, tender of the annual payment was made and refused. In 1868 or 1869 defendant published and circulated a pamphlet setting forth reasons why it should be preferred to other life insurance

companies, and among them the following: "All its policies are non-forfeitable." "Thirty days grace will be allowed on all payments after the first." * * * "During these thirty days the policy is held good and valid." The assured received a copy of this pamphlet from the company. In an action upon the second policy, *held*, that the provision for the payment of the interest was neither unconscionable nor oppressive; and such payment not having been made on the day named rendered the policy void; that the statements and representations contained in the pamphlet did not affect or modify the strict terms of the written policy and could not constitute a waiver of its conditions.

*Ruse* v. *Mutual Benefit Life Insurance Company* (23 N. Y. 516; 24 id. 653); *Howell* v. *Knickerbocker Life Insurance Company* (44 id. 276) distinguished. *Fowler* v. *Mėt. L. Ins. Co.* (41 Hun, 357) reversed.

(Argued October 15, 1889; decided October 29, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 28, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict directed by the court.

This action was upon a policy of insurance, dated September 12, 1872, issued by the defendant upon the life of Lindly H. Fowler, for the sum of $1,500.

A prior policy had been issued by the defendant upon the life of the same person for $10,000, dated March 6, 1869, and numbered 2046, which contained a provision that if after receiving three or more annual premiums, the assured should fail to make payment of any further premium when due, upon a surrender of the policy within thirty days after such unpaid premium was due, said company would in exchange, therefore, issue a paid-up policy for the proportion of the amount of insurance paid for, and it further provided that one-third of the annual premium might be indorsed as a loan.

The policy in suit recited that it was issued in consideration of the surrender of policy No. 2046, and of the annual payment in advance of the sum of $30.18, being for interest on premium notes amounting to $431.24, given in part payment of the premium on policy No. 2046, and provided that this payment should be made on or before the twelfth day of September, in every year during the continuance of the policy, and in default thereof the policy to be void. It

further provided that the amount of all unpaid notes given for loans on the policy in suit, or on policy No. 2046, should be deducted from the amount specified in the policy when the same should be payable by the defendant. The interest on the notes was paid in 1873. In 1874, the insured about the time the interest matured was residing in Wisconsin, and remitted the amount necessary to make the payment to his father, who resided in the city of New York. The father testified that he received the remittance about noon of September twelfth, and on the following day went to the company's office to make the payment, but was told by the cashier that the policy had lapsed and the payment could not be received. A few days later a formal tender of the interest was made and refused. In each succeeding year the interest was tendered to the defendant and refused. The assured died in April, 1880. In November, 1877, the policy was assigned by the assured to the plaintiff and notice thereof given to the defendant.

It was alleged in the complaint, and the evidence showed, that in the years 1868 and 1869, the defendant caused to be published and circulated a pamphlet setting forth certain reasons why it should be preferred over other life insurance companies by those desiring insurance, and among such were the following : " All its policies are non-forfeitable." "All its policies are incontestable." " It allows thirty days grace in payment of premiums." " Thirty days grace will be allowed on all payments after the first, thus affording the absent, the unfortunate or the embarassed member an opportunity to keep his policy in force without the necessity of changing it to a prepaid policy for a smaller amount. During these thirty days the policy is held good and valid." A copy of this pamphlet was found with the policy of insurance after the death of the assured, and there was evidence that the insured received it from the company.

*William H. Arnoux* for appellant. Where a policy of life insurance expressly provides that on or before a certain day a

sum of money shall be paid, or in default thereof the policy shall be void, no court either in equity or at law can relieve the party in default from a forfeiture of the policy caused by a failure due to the party to pay according to its terms. (*Robertson* v. *M. L. Ins. Co.*, 88 N. Y. 541; *N. Y. L. Ins. Co.* v. *Statham*, 93 U. S. 24; *Klein* v. *Ins. Co.*, 104 id. 88; *How* v. *U. M. L. Ins. Co.*, 80 N. Y. 45; *Roehner* v. *K. L. Ins. Co.*, 63 id. 160; *Evans* v. *N. S. L. Ins. Co.*, 64 id. 304, 308; *Wheeler* v. *C. M. Ins. Co.*, 82 id 551; *In re Atty.-Genl.* v. *C. L. Ins. Co.*, 93 id. 73; *Robsrts* v. *N. E. M. L. Ins. Co.*, 1 Disney, 355; 1 Phil. on Ins. chap. 9; 2 Denio, 75; 7 Wend. 270; *Pritchard* v. *M. and T. M. L. A. Soc.*, 2 C. B. [N. S.] 622; May on Life Ins. 406–425; Bliss on Life Ins. 272.) The terms of the policy in question were not and could not be affected by the publications set up in the complaint. (*Evans Case*, 64 N. Y. 304; *Ruse* v. *M. B. L. I. Co.*, 23 id. 516; *Knickerbocker L. I. Co.* v. *Dietz*, 52 Md. 16; *Knickerbocker Ins. Co.* v. *Harlan*, 56 Miss. 512; *Alabama Gold Ins. Co.* v. *Thomas*, 74 Ala. 578; *Ins. Co.* v. *Robinson*, 40 Ohio St. 270; *Atty.-Genl.* v. *N. A. L. I. Co.*, 82 N. Y. 172; *Holman* v. *C. Ins. Co.*, 54 Conn. 195; 1 Am. St. R. 67.) The original policy contained a provision giving the insured thirty days' grace to pay his premium. This fulfilled the promise contained in the circular. (*Morrison* v. *Ins. Co.*, 5 Am. St. R. 63.)

*L. H. Rowan* for respondent. The court, under its equity powers, will relieve the unfortunate suitor from mistakes, ignorance, fraud on the part of the insurers or acts that would mislead. (*Attorney-General* v. *N. A. L. Ins. Co.*, 82 N. Y. 191; *Douglass* v. *K. L. Ins. Co.*, 83 id. 499, 504; *Wheeler* v. *C. M. L. Ins. Co.*, 82 id. 543, 552; *People* v. *K. L. Ins. Co.*, 103 id. 487; 1 New Eng. Rep. 247, 635; *Wilson* v. *Deen*, 74 N. Y. 534; *Leslie* v. *K. L. Ins. Co.*, 63 id. 33.) The defense, claiming a forfeiture, is unconscionable, and every intendment should be taken against the party seeking to take advantage of it. (*Cole* v. *K. L. Ins. Co.*, 63 How. Pr.

442; *Winchell* v. *Hicks*, 18 N. Y. 558; *Taylor* v. *Atlantic Mut. Ins. Co.*, 37 id. 275, 284; *Witson* v. *Randall*, 67 id. 338, 341; *Stafford* v. *Jones*, 97 id. 586, 589.) The court, under the present practice, has the powers of a court of equity as well as of law; and the defendant did not except to the powers or ruling of the court on this point. (*E. Ins. Co.* v. *R. Ins. Co.*, 55 N. Y. 347; *Binsee* v. *Wood*, 37 id. 526; *Winchell* v. *Hicks*, 18 id. 558, 565; *Lynch* v. *Kennedy*, 34 id. 152; *Stone* v. *Flowers*, 47 id. 566, 269; *Barnes* v. *Perine*, 12 id. 18; *O'Neal* v. *James*, 43 id. 85; *Taylor* v. *A. M. Ins. Co.*, 37 id. 275, 283; *Schile* v. *Brokhahue*, 80 id. 614, 620.) The defendant is estopped from claiming a forfeiture of the policy, if the pamphlet induced assured to believe that a strict compliance with the terms for paying at specified intervals would not be insisted upon. (*Ruse* v. *M. B. L. Ins. Co.*, 26 Barb. 560, 561; 23 N. Y. 516; 24 id. 653; *Underwood* v. *F. J. S. Ins. Co.*, 57 id. 500; *Blair* v. *Wait*, 69 id. 113; 6 Hun, 477; *Howell* v. *K. L. Ins. Co.*, 44 id. 285; *C. N. Bank* v. *Nat. Bank*, 50 id. 575; 30 id. 226; *Boardman* v. *L. S. & M. S. Ry. Co.*, 84 id. 157; 47 id. 493; 3 Hill, 215; 28 Me. 525; 30 N. Y. 519; 5 Denio, 154; 17 Conn. 345; 50 N. Y. 375; *Muller* v. *Pondir*, 55 id. 325; 14 Am. Rep. 259; 6 Lans. 472.) If the appellate court should think that there was error in the admission of the pamphlet, we submit that the plaintiff made a good case without that evidence. (*Cole* v. *K. L. Ins. Co.*, 63. How. 442; *Main* v. *U. L. Ins. Co.*, 85 N. Y. 278.)

BROWN, J.   We are unable to find any ground upon which to sustain the judgment in this action. The interest upon the note was not tendered to the defendant until the day following that upon which, by the terms of the policy, it was made payable, and by the express condition of the contract the policy was forfeited.

A long line of authorities has settled the law to be that when it is expressly provided that the premium on a life insurance policy shall be paid on or before a certain day, and in

default thereof the policy shall be void, that the non-payment of the premium upon the day named works a forfeiture. (*Robertson* v. *Metropolitan L. Ins. Co.*, 88 N. Y. 541; *N. Y. Life Ins. Co.* v. *Statham*, 93 U. S. 24; *Attorney-General* v. *Continential Life Ins Co.*, 93 N. Y. 70; *Holly* v. *Metropolitan Life Ins. Co.*, 105 id. 437.)

The record before us does not show precisely what principle the trial court applied in directing a verdict for the plaintiff. The General Term, however, appear to have affirmed the judgment upon the ground that the father of the assured, to whom the money to pay the interest had been remitted, was induced by the statements contained in the pamphlet, which the company had issued, to believe that thirty days grace was allowed for the payment of the premium, and that he was misled by that representation, and induced to act as he did, and not pay the interest on the day he received it from his son.

This view of the case has no support in the testimony. The father, who was a witness upon the trial, nowhere says that he believed that thirty days' grace was allowed in payment of the interest, or that his actions were controlled to any extent by any information obtained from the pamphlet. Nor was such a fact alleged in the complaint.

The right to recover is there claimed upon the ground that the assured " relying on the liberality and fairness promised by said company" in the pamphlet issued by it, "through inadvertence and by mistake * * * failed to pay or cause to be paid " the interest as required by the terms of the contract.

There was no proof offered to sustain this allegation, and there is no evidence that the assured had been misled by any representation of the company or was misinformed or mistaken as to the condition of the policy, or that he did not fully understand the effect of a failure to pay the interest on the day named.

He had paid the interest promptly in 1873, and in 1874 remitted it in ample season to his father to have been paid to the company and the policy preserved.

The father was the son's agent to pay the interest, and in the absence of any evidence that the son did not fully under-stand his obligation under the contract, it is difficult to perceive how any information derived by the father from a pamphlet issued by the company before the contract was entered into could be said, as was held by the General Term, to be a fraud upon him and upon the assured, and have the effect to estop the company from asserting the forfeiture, or be deemed a waiver by it of the condition of the policy.

The original policy appears to have substantially complied with the representations contained in the pamphlet issued by the company. It was made incontestable after five years on account of any errors in the application except as to age. It allowed thirty days grace in the payment of premiums and it provided for a paid-up policy after the receipt of two or more annual premiums. It also allowed one third of the premium as a loan.

The policy in suit was issued after the payment of three premiums. The assured had, however, not paid all the premiums in cash, but was indebted to the company in the sum of $431.24.

If this debt had been paid the assured would have been entitled to an unconditional paid-up policy for $1,500, and no further payments would have been necessary. But for some reason not disclosed in the evidence, but presumably satisfactory and advantageous to the assured, he chose not to pay the debt; and as the original policy provided that any indebtedness to the company was to be deducted from the insurance money when paid, it was proper, with the assured's consent, to make a like provision in the paid-up policy, and to provide that the non-payment on the interest on that debt should render the policy void. (*People* v. *Knickerbocker Life Ins. Co.*, 103 N. Y. 480, 485.)

The claim that such a provision, in a paid-up policy, is unconscionable and oppressive, and presents a case in which a court of equity should relieve from the forfeiture incurred by omission to make prompt payment of premiums, is not a new

one. It has frequently been presented to the courts and has recently received very full consideration in this court in *Attorney-General* v. *North American Life Insurance Company* (82 N. Y. 172, 190) and *People* v. *Knickerbocker L. Insurance Company* (*supra*). It was decided in those cases that provisions in paid-up policies, issued in lieu of other policies on which notes had been given for premiums, that they should be void in case the interest on such notes was not paid, is not unconscionable, oppressive or usurious.

In the first case cited Judge EARL said: " There are doubtless some decided cases which hold that such forfeiture should not be enforced, but I think the better rule is to uphold and enforce such contracts when free from fraud or mistake, just as the parties have made them." And in *Douglass* v. *Knickerbocker Life Insurance Company* (83 N. Y. 492, 503) it was said: " It has generally been found most conducive to the general welfare to leave parties to make their own contracts, and then enforce them as made, unless, on the grounds of fraud, accident or mistake, ignorance, impossibility or necessity, relief can be granted against them."

As has already been pointed out, there is no evidence in this case to show that the assured did not accept the policy in suit with perfect knowledge of all its conditions, and in the absence of all evidence on that subject the presumption is that such was the fact. No case was made, therefore, for any equitable relief, and none is asked in the complaint.

We are referred to some cases upon the authority of which it is claimed that defendant is estopped from claiming a forfeiture of the policy, if the pamphlet induced the assured to believe that a strict compliance with the terms for paying at specified times would not be insisted upon.

It would be a sufficient answer to this proposition to say that the fact that the assured was induced to believe anything of that nature is not proven in the case. On the contrary, his acts indicate that he believed prompt payment on the day named in the policy was essential to its validity. But the cases cited do not establish the principle claimed. *Ruse* v.

*Mutual Benefit Life Insurance Company* (23 N. Y. 516) expressly decided that no contemporary publication could be imported into a policy so as to vary its terms.

The same case (24 N. Y. 653) does not decide otherwise, although the remarks of Judge Davies somewhat weakened the force of the prior decision.

In *Howell* v. *Knickerbocker Life Insurance Company* (44 N. Y. 276), there was an admission of *an agreement* at the time the insurance was effected, *and also thereafter* when the annual premium was paid, that if anything should happen to the assured to prevent his paying the premium on the day named that the policy should continue in force for a reasonable time thereafter ; and it was this agreement, thus admitted to have been made, that was held to constitute a waiver of the condition requiring payment of the premium on the day named. The English cases referred to in *Ruse* v. *M. L. Insurance Company* (24 N. Y. 654), contain nothing that will aid the plaintiff's case.

It would be impossible to sustain the claim that the statements and representations contained in the pamphlet issued by the company were to be regarded as affecting or modifying the strict terms of the policy without disregarding the established rule of law that a written contract merges all prior and contemporaneous negotiations in reference to the same subject, and that the whole engagement of the parties and the extent and manner of their undertaking is embraced in the writing.

This rule is the same in equity as at common law, and although a written agreement may be set aside or reformed, fraud or mistake must be shown to entitle a party to such relief. And it is never competent in an action upon a written contract to show that it was executed on the faith of a preceding parol stipulation not embraced in it.

The judgment must be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.