FOWLER *v.* METROPOLITAN LIFE INS. CO.

*(Supreme Court, General Term, First Department.   March 13, 1891.)*

LIFE INSURANCE—FORFEITURE OF POLICY.

An assured owed defendant certain notes for premiums on a policy, which he surrendered, and took a paid-up policy, which provided that failure to pay interest on the premium notes on a given day of each year should avoid the policy. About the time the first policy was issued, and about three years before the surrender and exchange, defendant published a pamphlet recommending its policy as preferable to those of other companies, saying that its policies were non-forfeitable and incontestable, and that it allowed 30 days' grace for payment of premiums after the first one, which was for the benefit of persons so situated that they could not pay when their premiums were due. The original policy was substantially according to these representations. A copy of the pamphlet was sent to the assured, and was found in his possession with the policy at his death. Assured paid the interest promptly the next year after the second policy was issued, and was only prevented from paying the next installment by the fault of his agent. *Held* that, as there was no evidence that the assured was induced by the pamphlet to believe that he had 30 days within which to pay the interest, but, on the contrary, his promptness indicated a contrary belief, sending him the pamphlet would not estop defendant from insisting on a forfeiture. Following 116 N. Y. 389, 22 N. E. Rep. 576.

Appeal from circuit court, New York county.

Action by Mary Fowler against the Metropolitan Life Insurance Company. On the 6th day of March, 1869, defendant insured the life of Lindley H. Fowler, the son of plaintiff, then 27 years of age, in the sum of $10,000, by a policy providing for the payment on or before March 6th in every year of an annual premium of $377.50, and of all loans and interest, on such days or within 30 days after such several payments should be due and payable, and that, after the payment of three annual premiums thereupon, upon the surrender of such policy within 30 days after the failure to pay any premium due the company should issue a "paid-up policy" for the proportion of the amount of insurance paid for. Thereafter the defendants circulated pamphlets for the purpose of inducing insurance with it, wherein was set forth as reasons why those wishing insurance should prefer the defendant: "All its policies are non-forfeitable. All its policies are incontestable. It allows 30 days' grace in payment of premium." After the issuance of that policy a copy of this book or pamphlet making these representations or inducements came into the possession of the assured, presumably from defendant, at or subsequent to a time when substantially the same statements were made to him or in his presence by one of the company's general agents. Thereafter, and in the course of a discussion with his father as to the surrender of his policy and the taking out of a new one, this book was used by the assured, and the representations by the company made therein referred to. Thereafter, and on September 12, 1872, the $10,000 policy was surrendered, and a new one of $1,500 issued, which was not, however, a "paid-up policy," as it should have been under the provisions of the first policy. This $1,500 policy contained a proviso for the payment of an annual premium of $30.18, and for a forfeiture in the event of the non-payment of the premium on the 12th day of September in each year in advance, without grace. The first premium

on this second policy fell due September 12, 1873, and was paid on that day, the assured then living in New York city. Thereafter, and in the spring of 1874, being about to go west, the assured handed the policy of insurance and the book to his mother, calling her attention to that part of the book or pamphlet specifying the reasons why insurers should prefer the defendant, and reciting that "all of its policies are non-forfeitable. All of its policies are incontestable. It allows 30 days' grace in payment of premium." The assured's father being aware of these representations of the defendant at that time was possibly the reason why the assured then particularly called the attention of his mother only to them. Thereafter, and in the spring of 1874, the assured went to Wisconsin. On Saturday, the 12th day of September, 1874, the day when, according to the terms of the second policy, the premium was due, at about 2 o'clock in the afternoon, the father of the assured, at his home in the upper part of the city of New York. received through the mails a letter from the assured inclosing the money to pay the premium. Relying on the defendant's representations as to its policies being non-forfeitable and incontestable, and as to 30 days' grace being allowed in the payment of premiums, etc., and his son having also relied upon the same representations, Mr. Fowler did not on that day take the premium to the defendant. On the following Monday, however, it was tendered, and refused on the ground that it should have been paid the previous Saturday, and that the policy therefore became forfeited. The reliance of the assured upon the representations of the defendant, and the reliance of his father thereupon, as the reason for not having paid such premium on September 12th, was explained to the defendant, but without avail. Thereafter the premium was tendered regularly up to the time of the death of the assured in 1880, after which proofs of death were put in, but rejected. The policy having been assigned to plaintiff, this action was thereafter brought to trial in January, 1885, resulting in a judgment in favor of the plaintiff, which, upon an appeal taken by the defendant, was affirmed at general term, (41 Hun, 357,) but thereafter reversed in the court of appeals, (116 N. Y. 389, 22 N. E. Rep. 576,) upon the grounds that when it is expressly provided that the premium on life insurance policies shall be paid on or before a certain day, and in default thereof the policy shall be void, the non-payment of the premium on that day works a forfeiture; that it did not appear upon the record as it then stood that the father of the assured had been induced by the statements contained in the pamphlet issued by the defendant that 30 days' grace was allowed for the payment of the premium, or that he was misled by such representations, and induced to act as he did, or that the assured had been misled by the defendant's representations; and that therefore the representations contained in the pamphlet did not modify the terms of the policy, or constitute a waiver of its conditions. Thereafter the action was brought to trial, and the complaint dismissed. From the judgment thereupon rendered on his decision, the plaintiff appeals.

Argued before VAN BRUNT, P. J. and DANIELS, J.

*Henry C. Wilcox,* for appellant. *William H. Arnoux,* for respondent.

DANIELS, J. The action was brought to recover the amount of a policy of life insurance. It was before this court in 1886, when, on account of assurances contained in a pamphlet issued and circulated in defendant's business, it was concluded that the policy was not forfeited by the failure to pay the interest on the premium notes held by the company, at the time when it became due. There was then evidence before the court from which it could be reasonably inferred that the omission to pay arose out of reliance placed upon the statements contained in the pamphlet, and the company was therefore held to be liable to the plaintiff as the assignee of the insurance. *Fowler* v. *Insurance Co.*, 41 Hun, 357. But a different view of the case was taken by the court of appeals, which reversed the judgment, (116 N. Y. 389, 22 N. E. Rep.

576,) and ordered a new trial. Upon the last trial evidence was given to the direct effect that it was reliance upon the statements contained in the pamphlet that induced the delay in the payment of the interest from the Saturday when it became due until the next Monday, when it was tendered and refused. This created no substantial change in the state of the case; for whether the fact should be inferred, from the conduct of the person intrusted with the money to pay the interest, that the delay had been induced by the representation contained in the pamphlet, or from direct proof that such was the truth, can make no difference in the disposition to be made of the action under the opinion of the court of appeals. The representation which appeared to have been made was held not to relieve the default in payment on the part of the assured. That was an effectual disposition of the action adverse to the plaintiff, and the judgment should therefore be affirmed, with costs.