■ HELEN L. BROWNE, Appellant, v FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ROCHESTER, Defendant, and NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, Respondent.— Mikoll, J. Appeal (1) from an order of the Supreme Court (Smyk, J.), entered November 30, 1988 in Broome County,

which granted defendant New England Mutual Life Insurance Company's motion for summary judgment dismissing the complaint and all cross claims against it, and (2) from the judgment entered thereon.

We are called to resolve the issue as to whether Supreme Court properly granted summary judgment against plaintiff upon finding that no question of fact existed as to whether defendants properly complied with the insurance policy's terms in terminating the mortgage life insurance of plaintiff's husband before his death for failure to pay premiums. There should be an affirmance.

Plaintiff seeks herein to recover a death benefit allegedly due under a group mortgage life insurance policy which formerly provided coverage on the life of plaintiff's husband. The policy was obtained to provide coverage for a mortgage held by defendant First Federal Savings and Loan Association of Rochester on premises owned by plaintiff and her husband. Before June 1982, Prudential Insurance Company provided similar coverage to First Federal and its customers. In June 1982, Prudential terminated its coverage and defendant New England Mutual Life Insurance Company's policy came into effect. It is conceded that such policy provided the instant mortgage insurance. Under the terms of the policy, insurance on the life of any individual debtor terminated, amongst other reasons, for failure to make any payment due after the expiration of a 31-day grace period.

Plaintiff's husband made his last payment in October 1984. New England was informed of the lapse of payment by receipt of a monthly insurance report from First Federal where the absence of plaintiff's name thereon provided notice to New England that no payments were made. Plaintiff concedes that no further payments were made by her husband beyond October 1984 when the September premium was paid. Plaintiff's husband died in November 1985 and plaintiff submitted a claim in December 1985, which was denied by First Federal for failure to make payments for more than a year.

In opposing summary judgment, plaintiff seeks to attack the reporting system utilized between First Federal and New England as inadequate notification of default. We find the argument to be specious and not relevant to the issue of plaintiff's entitlement to payment under the terms of the mortgage life insurance in the instant circumstances where breach occurred because of nonpayment. A default on payment of a policy terminates the contract (see, Fowler v Metropolitan Life Ins. Co., 116 NY 389).

Likewise, plaintiff's contention that the issuance of a rebate to plaintiff raises a question of fact as to the viability of the policy is totally without merit. Pursuant to 11 NYCRR 185.8, refunds or rebates of previous premiums paid are mandated under life insurance contracts after such coverage is terminated. Payment of a rebate does not raise an issue of fact concerning whether coverage existed at the time of the death of plaintiff's husband.

Finally, we find plaintiff's contention that a question of fact exists as to whether there was a waiver by defendants of their right to terminate the policy as without support in the record and thus meritless.

Order and judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.